COMMONWEALTH *vs.* KAREN L. ZUZICK.

No. 97-P-0741.

Norfolk. May 7, 1998. - June 12, 1998.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Prior conviction.

Where a defendant charged with a subsequent offense of operating a motor
vehicle while under the influence of intoxicating liquor in violation of
G. L. c. 90, § 24(1)(*a*)(1), was found guilty by a jury of the underlying of-
fense, and where the defendant was not tried or placed in jeopardy on the
portion of the complaint alleging that she had been previously convicted,
the defendant was not entitled to a required finding of not guilty on that
portion of the complaint [73], nor was the Commonwealth barred from
prosecuting that portion of the complaint [73-75]: the matter was remanded
for further proceedings on the issue of the defendant's conviction of prior
offenses.

Where G. L. c. 278, § 11A, provides that a defendant is "entitled to a trial by
jury on the issue of conviction of a prior offense," a district attorney's of-
fice improperly instituted a contrary practice with respect to complaints al-
leging a second or subsequent offense of operating a motor vehicle while
under the influence of intoxicating liquor [75]; further, in such a prosecu-
tion, a District Court judge, pursuant to that practice, improperly found a
defendant guilty of a third offense without a trial on that issue and imposed
a sentence as a subsequent offender: that portion of the judgment and the
sentence were ordered vacated [75].

COMPLAINT received and sworn to in the Quincy Division of
the District Court Department on November 13, 1995.

The case was tried before *Joseph R. Welch,* J.

*Daniel J. Johnedis* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Com-
monwealth, submitted a brief.

SMITH, J. The defendant was charged in the Quincy District
Court with operating a vehicle on November 12, 1995, while
under the influence of intoxicating liquor, "said defendant hav-

ing been previously convicted . . . of a like offense two or more times" in violation of G. L. c. 90, § 24(1)(a)(1), as amended through St. 1994, c. 25, § 3. The defendant was first tried on the November 12 incident. A jury returned a guilty verdict on that charge.

Because of the guilty verdict on the underlying offense, the defendant was entitled to have the judge inquire whether she intended to plead guilty or not guilty to the portion of the complaint, quoted above, alleging previous convictions on two or more occasions for operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 278, § 11A. According to the statute, a plea of not guilty would entitle her to a separate trial. See *Commonwealth* v. *Murphy*, 389 Mass. 316, 321 (1983). The statutory procedure was not followed here. Instead, after the jury returned its verdict, defense counsel asked that the jury be held; the judge responded, "No," and he discharged the jury.[1] The judge then asked the prosecutor for his recommendation regarding the sentence to be imposed on the defendant. The prosecutor recommended the minimum mandatory sentence for a person previously convicted of operating under the influence of intoxicating liquor more than two times within a ten-year period, that being a $1,000 fine and 180 days' confinement. See G. L. c. 90, § 24(1)(a)(1).[2]

Defense counsel, in response to the judge's inquiry about the prosecutor's sentence recommendation, stated, "I think we're at the stage of the trial where the Commonwealth has to introduce evidence of prior convictions. If he has them I think he should present them at this point. I don't know if he has them or not."

The judge responded, "I have them right here." Defense counsel, however, informed the judge that what he had before him were probation records, not certified copies of convictions, and that under the statute the prosecutor has to produce the

[1]General Laws c. 278, § 11A, inserted by St. 1967, c. 213, states that if a defendant pleads not guilty to that portion of the complaint charging a second or subsequent offense and requests a jury trial, the judge may, in his discretion, "either hold the jury which returned the verdict of guilty of the crime, the trial of which was just completed, or . . . may order the empanelling of a new jury to try the issue of conviction of one or more prior offenses."

By asking that the jury be held, defense counsel was apparently anticipating a jury trial on the issue of the defendant's prior convictions.

[2]The maximum punishment for a conviction of a first-time offense under § 24(1)(a)(1) is a fine of $5,000 or imprisonment for two and one-half years, or both.

certified copies of the convictions. G. L. c. 90, § 24(4). The judge answered, "I use . . . [the probation records] all the time in any case, and I am satisfied that this record speaks for itself." Thereafter, the judge imposed sentence as follows:

> "The jury has found you guilty of operating under the influence and the record indicating that this is your third offense and you were charged with a third offense with the record as a criteria I'm going to give you 180 days in the house of correction. 150 days to serve, the balance suspended for two years."

The judge then stayed the sentence pending appeal. Later, the defendant filed a motion for a required finding of not guilty on the portion of the complaint charging her with having been convicted of two or more like offenses. See Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). The motion was denied. The verdict entered below, as reflected in the docket and the probation records, erroneously states that the defendant was found guilty by the jury of having committed a third offense of operating under the influence of intoxicating liquor.

On appeal, the defendant argues that her motion for a required finding of not guilty should have been allowed because she was not convicted on that portion of the complaint charging her with two or more prior convictions; no evidence was presented of the prior convictions, the judge relied solely on probation records, and there was no evidence identifying the defendant as the person whose criminal record was before him.

We reject the defendant's argument. The record indicates that there was no trial, either before a jury or the judge on that portion of the complaint. Rather, that is the main issue on appeal: whether the defendant was entitled to a trial concerning the issue of previous convictions for similar offenses. Because there was no trial, her motion for a required finding of not guilty on that portion of the complaint was properly denied.

Our inquiry does not stop here, however. The procedure followed by the prosecutor and the judge after the jury returned a guilty verdict on the underlying offense bears examination.

According to the Commonwealth, the prosecutor's recommending the minimum mandatory sentence on the portion of the complaint charging the defendant with prior convictions, and the judge's use of the probation record to establish the prior

convictions (thereby denying the defendant a trial on the issue of prior convictions), grew out of a practice adopted by the Norfolk district attorney's office for disposing of cases similar to that presented here. A memorandum in lieu of a brief from the district attorney's office filed in connection with this appeal describes that practice.

> "It is the normal (if not unvarying) practice of the Norfolk District Attorney's office, in its prosecutorial discretion, not to charge operating under the influence as a subsequent offense, and in the event one is so charged, to proceed only on the first portion of an OUI complaint. At sentencing, the Commonwealth typically asks the trial judge to consult the probation record and to impose, in his discretion, what would be the mandatory penalty were the Commonwealth to have proceeded on, and prevailed, on the subsequent offense portion of an OUI complaint. While this procedure leaves the judge greater sentencing discretion, in most instances, it has been the experience of this office that judges by and large honor the statutory scheme. Thus, the interests of justice are served and the Commonwealth is spared the expense and time of what is, in effect, a second trial."

We agree that "[p]rosecutors have wide ranges of discretion in deciding whether to bring charges and which specific charges to bring." *Cambridge* v. *Phillips*, 415 Mass. 126, 130 (1993). Therefore, a district attorney may decide not to charge an offender with a subsequent offense of operating a motor vehicle while under the influence of liquor. If offenders are charged only with the single offense, even though they have prior convictions for similar offenses, and the offenders are found guilty, they are not entitled to a separate trial as to the prior convictions, and the judge may use the probation records in the usual manner to verify the prior convictions in sentencing.

The flaw in the practice comes when the district attorney charges a defendant (as occurred here) with operating while under the influence of liquor, and further charges that it is a second or subsequent offense. If the defendant is found guilty of the underlying offense, the defendant is "*entitled* to a trial by jury on the issue of conviction of a prior offense, subject to all provisions of law governing criminal trials" (emphasis added). G. L. c. 278, § 11A. *Commonwealth* v. *Koney*, 421 Mass. 295,

301 n.3 (1995). A local practice cannot supersede a statutory command. Thus, because the complaint in the present matter charged a second or subsequent offense, the defendant was entitled to a subsequent trial concerning the prior convictions. Accordingly, the procedure followed by the prosecutor and the judge was improper.

As a remedy for the error, the defendant requests that we order that portion of the complaint charging her with a second or subsequent offense of operating under the influence of liquor be dismissed, arguing that she could not be tried again on that matter. No jury was empaneled and sworn for the separate trial, however, nor did a bench trial proceed on that portion of the complaint. Consequently, the defendant was not placed in jeopardy, see *Lovett* v. *Commonwealth*, 393 Mass. 444, 447 (1984); *Commonwealth* v. *DeFuria*, 400 Mass. 485, 487 (1987), and a trial may therefore be held on that portion of the complaint.[3]

We vacate that portion of the judgment that states the defendant was found guilty by a jury of having committed a third offense of operating a motor vehicle while under the influence of liquor. We also vacate the sentence imposed on the underlying offense. The jury's verdict, which held the defendant guilty of the underlying offense of operating a motor vehicle while under the influence of liquor, shall be correctly entered on the docket and, as corrected, shall stand. The matter is remanded to the District Court for further proceedings on that portion of the complaint charging the defendant with a third offense of operating a motor vehicle while under the influence of intoxicating liquor.

*So ordered.*

---

[3]The Commonwealth states that we may dismiss the portion of the complaint alleging the defendant to have been previously convicted of similar offenses. The Commonwealth, however, does not give any reason why we should do so. We are reluctant to dismiss complaints or indictments, even when requested by the Commonwealth, unless a good reason exists for such a drastic action.