ANTHONY J. BYNUM vs. COMMONWEALTH.

Suffolk. March 2, 1999. - June 16, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & IRELAND, JJ.

*Controlled Substances. Statute*, Construction. *Constitutional Law*, Sentence, Double jeopardy. *Practice, Criminal*, Sentence, Double jeopardy. *Waiver.*

This court concluded that G. L. c. 94C, § 32A (*d*), is a sentencing enhance-
ment statute that calls for a longer sentence if a violation of G. L. c. 94C,
§ 32A (*c*), alleged and proved, is shown to have followed a prior convic-
tion of certain drug offenses: the statute does not state a separate crime that
may be punished separately. [706-707, 708-709]
There was no merit to an argument that a criminal defendant had "waived" a
double jeopardy claim before he had been in fact reindicted. [707-708]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on April 8, 1998.

The case was heard by *Greaney*, J.

*Bruce Ferg*, Committee for Public Counsel Services, for the
plaintiff.

*Gail M. McKenna*, Assistant District Attorney, for the Com-
monwealth.

WILKINS, C.J. We consider whether a defendant tried,
convicted, and sentenced for a drug offense described in G. L.
c. 94C, § 32A (*c*), may properly be subjected at a later date to
an enhanced penalty pursuant to G. L. c. 94C, § 32A (*d*). The
petitioner, whom for convenience we shall describe as the
defendant, argues that the imposition of a second sentence would
violate his rights under the double jeopardy clause of the
Constitution of the United States. We agree that imposition of a
second sentence would be unlawful but arrive at that conclusion
without reaching the double jeopardy question. We, therefore,
vacate the order of a single justice of this court that denied the
defendant relief pursuant to G. L. c. 211, § 3.

In August, 1993, a Plymouth County grand jury indicted the
defendant alleging separate counts for (A) distribution of

cocaine (G. L. c. 94C, § 32A [*c*]), (B) a repeat offense (G. L. c. 94C, § 32A [*d*]), and (C) a school zone violation (G. L. c. 94C, § 32J). In March, 1994, a jury trial commenced on counts (A) and (C). The defendant fled during trial. The jury found the defendant guilty on both counts, but, due to the defendant's absence, the trial judge did not impose sentence or take further action on count (B). In June, 1995, the defendant was brought before the judge who imposed consecutive sentences for the convictions on counts (A) and (C). Prior to sentencing, the prosecutor advised the judge of the pendency of the repeat-offender charge. Defense counsel did not object to sentencing on the distribution charge (count [A]) before the resolution of the repeat-offender charge (count [B]).

In July, 1995, a different Superior Court judge found the defendant guilty on the repeat-offender count and sentenced him to a term of from nine to ten years in State prison to be served after the consecutive sentence imposed on the school zone count. The defendant appealed to the Appeals Court which, in August, 1997, in an unpublished memorandum and order affirmed the convictions on counts (A) and (C) but held that count (B) was fatally defective because it failed to specify the nature of the prior violation.

In October, 1997, a Plymouth County grand jury reindicted the defendant for the same three offenses. This time the repeat-offender count explicitly identified the prior offense. By then, the defendant had served the sentences imposed on the convictions on counts (A) and (C) of the original indictment. He was released on personal recognizance on the charges stated in the new indictment. The defendant then moved to dismiss the second indictment on double jeopardy grounds. In March, 1998, a judge in the Superior Court denied the motion, even as to the counts that duplicated the charges on which the defendant had already been tried, convicted, and sentenced.

The defendant then unsuccessfully sought relief under G. L. c. 211, § 3, from a single justice of this court. The single justice denied relief as to the repeat-offender count, but stated that the defendant could not be retried on the distribution and school zone counts. The single justice concluded that the repeat-offender count alleged a crime that differed from the crimes for which the defendant had already been convicted. The single justice stayed proceedings in the Superior Court on the new indictment pending an appeal from his decision. We conclude

that G. L. c. 94C, § 32A (*d*), is a sentencing enhancement statute that calls for a longer sentence if a violation of § 32A (*c*), alleged and proved, is shown to have followed a prior conviction of certain drug offenses. It does not state a separate crime.

1. In its August, 1997, unpublished memorandum and order, already referred to, the Appeals Court accepted the defendant's argument that the repeat-offender count in the original indictment should be dismissed because it was defective. The Appeals Court Justices who participated in that decision considered the repeat-offender count to be a nullity. Their memorandum of decision states that "jeopardy never attached, and the defendant may be retried upon a proper indictment." Neither the Commonwealth nor the defendant sought further appellate review.[1]

The defendant asserts that the Appeals Court's volunteered comment on the Commonwealth's right to retry him was wrong because principles of double jeopardy bar any such action. The Commonwealth counters that the defendant waived his double jeopardy claim because he did not seek further appellate review challenging the court's dictum that he could be tried again as a repeat offender. It is a curious argument that says that a party who has prevailed on a point in the Appeals Court and does not seek further review is bound by a statement of law in the Appeals Court opinion that is not essential to that court's conclusion in his favor. The prospect of this court taking a case on further appellate review at the request of a prevailing party to respond to Appeals Court dicta, even erroneous dicta, is minimal. A rule of waiver such as that for which the Commonwealth argues would put every party to any Appeals Court opinion (in cases involving the prospect of future proceedings) at the risk of an imputed waiver unless that party were to seek further appellate review to challenge particular dicta. The Commonwealth's argument lacks a sound foundation and authority to support it. The defendant had every right to challenge his subsequent indictment as a repeat offender. The double jeopardy argument now advanced could not have been made in the

---

[1] If the Commonwealth had sought further appellate review following the Appeals Court's decision, it might have prevailed, and this second proceeding would never have occurred. In a later opinion involving an identical Plymouth County repeat-offender charge, a majority of the entire Appeals Court concluded that the repeat-offender count was not defective. See *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455 (1999).

defendant's initial appeal to the Appeals Court. Until he was again indicted, he had no obligation to raise the issue of a violation of his double jeopardy rights. See *Lydon* v. *Commonwealth*, 381 Mass. 356, 360 n.7, cert. denied, 449 U.S. 1065 (1980).

2. Before any decision as to whether double jeopardy or some other principle bars the defendant's trial on the pending indictment, we first must consider precisely what it means to be charged under G. L. c. 94C, § 32A (*d*). Analysis by the single justice, the Appeals Court, and others has proceeded on the erroneous assumption that § 32A (*d*) creates an independent crime. Section 32A (*d*), which is set forth in the margin,[2] provides for an enhanced sentence for a person convicted of violating G. L. c. 94C, § 32A (*c*), after one or more convictions of certain drug-related crimes. The procedure for prosecuting repeat offenders is set forth in G. L. c. 278, § 11A, which provides in part that, "[i]f a defendant pleads guilty or if there is a verdict or finding of guilty after trial, then before sentence is imposed, the defendant shall be further inquired of for a plea of guilty or not guilty to that portion of the complaint or indictment alleging that the crime charged is a second or subsequent offense."[3] Section 32A (*d*) does not identify a crime that has a freestanding life of its own. See *Commonwealth* v. *Murphy*, 389 Mass. 316, 320-321 (1983). It concerns solely the sentence of a person convicted of a violation of § 32A (*c*) who has previ-

---

[2]"Any person convicted of violating the provisions of subsection (*c*) after one or more prior convictions of manufacturing, distributing, dispensing or possessing with the intent to manufacture, distribute, or dispense a controlled substance, as defined in section thirty-one or of any offense of any other jurisdiction, either federal, state or territorial, which is the same as or necessarily includes, the elements of said offense, shall be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years and a fine of not less that two thousand five hundred nor more than twenty-five thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein."

[3]General Laws c. 278, § 11A, continues as follows:

"If he pleads guilty thereto, sentence shall be imposed; if he pleads not guilty thereto, he shall be entitled to a trial by jury of the issue of conviction of a prior offense, subject to all of the provisions of law governing criminal trials. A defendant may waive trial by jury. The court may, in its discretion, either hold the jury which returned the verdict of guilty of the crime, the trial of which was just completed, or it may order the impanelling of a new jury to try the issue of conviction of one or more prior offenses. Upon the return of a verdict, after the separate trial of the issue of conviction of one or more prior offenses, the court shall impose the sentence appropriate to said verdict."

ously been convicted of at least one similar drug offense.[4] The prior offense is not an element of the crime for which a defendant is charged but concerns the punishment to be imposed if he is convicted under § 32A (*c*) and the prior offense is proved. See *Commonwealth* v. *Chavis*, 415 Mass. 703, 706 n.5 (1993); *Commonwealth* v. *Murphy*, *supra* at 321. The punishment is for the second conviction and is not retroactive punishment for the first. *Id.* at 320. The Legislature did not intend that two sentences should be imposed, one for a violation of § 32A (*c*) and another resulting from the fact that the conviction was a second offense under § 32A (*d*). The Legislature called for only a single sentence to be imposed under § 32A (*c*) and § 32A (*d*). Compare G. L. c. 278, § 11A, and G. L. c. 94C, § 32J (requiring an additional consecutive sentence if defendant violates § 32A [*c*] within 1,000 feet of certain schools).

We need not decide how the Supreme Court would rule on the defendant's double jeopardy claim.[5] The provisions of G. L. c. 278, § 11A, indicate that the Legislature did not intend the belated imposition of an enhanced sentence in the circumstances

---

[4] If § 32A (*d*) did define a separate crime, there would be a problem for the Commonwealth in this case. If the elements of the "crime" defined in § 32A (*d*) consisted of the elements of the crime defined in subsection (*c*) plus a prior conviction of one of several drug crimes, violation of § 32A (*c*) would be a lesser included offense of the offense described in § 32A (*d*). The defendant has already been tried, convicted, and punished for that lesser offense. Double jeopardy principles bar the trial of a defendant for the greater offense if he has already been convicted of the lesser one. See *Brown* v. *Ohio*, 432 U.S. 161, 168-170 (1977); *Commonwealth* v. *Nardone*, 406 Mass. 123, 132-133 (1989); *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, *S.C.*, 406 Mass. 1001 (1989).

If § 32A (*d*) defined as a crime the fact that a person had previously been convicted of two or more drug-related offenses of a certain character, there would be a question of the constitutionality of such a status crime. The status of having two prior convictions would constitute a continuing punishable offense which could be charged at any time. See *Robinson* v. *California*, 370 U.S. 660, 666 (1962); *Alegata* v. *Commonwealth*, 353 Mass. 287, 300 (1967) ("Certainly the fact that one has committed a past offence does not make him a present criminal").

[5] The Supreme Court has held recently that, except as to sentencing for capital offenses, double jeopardy principles have no application in the sentencing context. See *Monge* v. *California*, 118 S. Ct. 2246, 2251, 2253 (1998); *Almendarez-Torres* v. *United States*, 523 U.S. 224, 247, 248 (1998). The Supreme Court has not, however, yet considered the imposition of an enhanced penalty after a defendant has been tried, convicted, and sentenced, and has served the sentence imposed on the underlying offense.

of this case. The Legislature has prescribed a procedure that does not permit the imposition of a sentence for the underlying offense and then, years later in a separate proceeding, the imposition of a harsher sentence because the offense was a repeat offense. We need not consider whether the double jeopardy clause or art. 12 of the Massachusetts Declaration of Rights would otherwise support the defendant's challenge to the second indictment. We do not reach constitutionally based issues when there is a statutory or other nonconstitutional basis on which the case can be decided. This is such a case.

The order of the single justice is vacated, and a judgment shall be entered that Plymouth Superior Court indictment no. 100006 be dismissed.

*So ordered.*