COMMONWEALTH *vs.* GEORGE W. CHAPLIN.

No. 99-P-559.

Plymouth. September 7, 2000. - November 1, 2000.

Present: BROWN, GREENBERG, & DUFFLY, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Prior conviction, Sentence.

A District Court judge erred in not affording a criminal defendant the opportunity to exercise his right to a separate trial on the portion of the charge alleging a second and subsequent offense of operating a motor vehicle while under the influence of alcohol before imposing a sentence; the incorrect docket entry stating that the defendant was convicted of a second offense was vacated and the matter was remanded for further proceedings. [365-368]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on May 8, 1998.

The case was tried before *Richard D. Savignano*, J.

The case was submitted on briefs.

*Donna M. Coppola* for the defendant.

*Christine M. Kiggen*, Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant was tried in the District Court and convicted by a jury upon a complaint charging him with one count of operating a motor vehicle while under the influence of alcohol (OUI), second offense, G. L. c. 90, § 24(1)(*a*)(1), and with a second count of operating a motor vehicle without a license. G. L. c. 90, § 10. The judge sentenced the defendant to a term of two and one-half years in a house of correction for operating under the influence. The second count was filed and is not before us.

In accordance with the provisions of G. L. c. 278, § 11A, no part of the complaint that charged a second or subsequent offense was referred to in any manner at trial. The defendant

claims in this court that the trial judge violated his due process rights by not affording him the opportunity to exercise his right to a separate trial on that portion of the charge that alleges a second and subsequent offense, and he asks this court to vacate that portion of the judgment convicting him of a subsequent offense and to remand the matter to the District Court.

We set out the relevant proceedings in the District Court. Following the return of the verdicts, the judge announced that he was moving directly to sentencing. The judge asked the assistant district attorney if she had seen the defendant's record, and she responded that she had and that the offense appeared to be the second offense within the statutory period, while the third such offense within the defendant's lifetime. The prosecutor then pointed out that the defendant had committed a significant number of serious offenses, including one in which he received a split State prison sentence, serving two years, and subsequently violating his probation, as well as a 1987 commitment. The Commonwealth made a sentencing recommendation of two and one-half years in the house of correction.

Defense counsel acknowledged that this was the defendant's second offense (within the ten-year statutory period), but recommended a shorter term. The judge then noted that the present conviction was the defendant's third, two within the statutory period, and asked for counsel's acknowledgment. Counsel replied, "It is his third." The judge then noticed prior convictions "for witness intimidation, two prior OUI convictions," a commitment for armed robbery, and a State prison sentence for rape of a child, for which the defendant was currently on probation, as well as other convictions. The judge characterized the defendant's record as "very long [and] disturbing." He then imposed sentence.

The defendant's trial took place in June, 1998, ten days after this court's decision in *Commonwealth* v. *Zuzick*, 45 Mass. App. Ct. 71 (1998). In that case, this court, citing *Commonwealth* v. *Koney*, 421 Mass. 295, 301 n.3 (1995), held that the statutory command found in G. L. c. 278, § 11A, as inserted by St. 1967, c. 213, that the defendant was "*entitled* to a trial by jury of the issue of conviction of a prior offense" superseded the existing Norfolk county practice of proceeding only with the underlying offense when a defendant was charged with a subsequent offense. If the defendant was convicted, the practice was that the Commonwealth would ask the trial judge to consult the

probation record and impose, in his discretion, what would be the minimum mandatory penalty were the Commonwealth to have proceeded and prevailed upon the subsequent offense portion of the OUI complaint. *Commonwealth* v. *Zuzick, supra* at 72, 74. In *Zuzick* the defendant had been charged with a third offense of operating a motor vehicle while under the influence of alcohol. The judge discharged the jury after the defendant's conviction for the underlying offense even though the defendant was prepared to move forward with the separate trial as to the prior offenses. This court remanded the matter for further proceedings on the issue of the defendant's convictions of prior offenses.

The Commonwealth attempts to distinguish *Zuzick* on the basis that, in that case, the defendant *requested* a trial on the subsequent offenses, whereas in the present case the defendant essentially acquiesced in the procedure by acknowledging that the conviction was his third OUI conviction. The Commonwealth's position is that the language of G. L. c. 278, § 11A, provides that he is entitled to a separate trial only if he pleads *not guilty* to the second or subsequent offense. We do not find the Commonwealth's argument convincing because, while surely the defendant may waive a jury trial on a prior offense, there are certain procedures that should accompany such a waiver, including an informed colloquy between the judge and the defendant. See, e.g., *Commonwealth* v. *Hardy*, 427 Mass. 379, 381-382 (1998). See and compare *Commonwealth* v. *Murchison*, 35 Mass. App. Ct. 269, 275-276 (1993), *S.C.*, 418 Mass. 58, 65 n.5 (1994) (right to jury trial on prior offense; necessity of written waiver to relinquish). Counsel's acquiescence that the defendant was a prior offender is not the functional equivalent of a plea of guilty.

More significantly, we emphasize that the District Court docket memorializes that the defendant was convicted of operating under the influence of alcohol, "2nd offense." Thus, the wording on the docket suggests that the defendant was tried and sentenced as a second or subsequent offender under the enhanced penalty provision of G. L. c. 90, § 24(1)(*a*)(1), rather than, as the Commonwealth maintains, on the underlying of-

fense with consideration of the defendant's probation record as a whole.[1]

Accordingly, we vacate that portion of the judgment that states the defendant was found guilty of having committed a second offense of operating under the influence of alcohol. The jury's verdict, which found the defendant guilty of the underlying offense of operating a motor vehicle while under the influence of liquor, shall be correctly entered on the docket and, as corrected, shall stand. The matter is remanded to the District Court for further proceedings on that portion of the complaint charging the defendant with a second offense of operating a motor vehicle while under the influence of alcohol.[2]

*So ordered.*

---

[1] In *Bynum* v. *Commonwealth*, 429 Mass. 705, 708-710 (1999), the court noted that G. L c. 94C, § 32A(*d*), containing an enhanced penalty provision for repeat drug offenders similar to that found in G. L. c. 90, § 24(1)(*a*)(1), does not identify a crime "that has a freestanding life of its own," and held that the Legislature did not intend that two sentences be imposed, one for a violation of the underlying offense and another resulting from the fact that the conviction was for a subsequent offense. In other words, G. L. c. 94C, § 32A (*d*), does not set forth a separate crime which may be punished separately; only a single sentence may be imposed. The problem in the present case is that it appears from the docket that the defendant was sentenced as a second offender without the necessary procedural safeguards. Nothing in *Bynum* calls into question the language of G. L. c. 278, § 11A, providing that the defendant "shall be entitled to a trial by jury of the issue of conviction of a prior offense."

[2] As no jury was empaneled and sworn for the separate trial, nor did a bench trial proceed on that portion of the complaint, the defendant was not placed in jeopardy and a trial may be held. *Commonwealth* v. *Zuzick*, 45 Mass. App. Ct. 71, 75 (1998).