COMMONWEALTH vs. MICHAEL S. OWEN.

No. 02-P-435.

Hampden. June 4, 2004. - August 26, 2004.

Present: LAURENCE, DREBEN, & GREEN, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Amendment of indictment or complaint, Sentence. *Robbery. Habitual Offender.*

Where the defendant had been charged in one indictment with armed robbery and in a subsequent indictment for the same offense as a second or subsequent offense, the conviction of the defendant as a habitual offender in a proceeding that followed the defendant's conviction for armed robbery but preceded sentencing on that offense did not offend principles of double jeopardy [713-714]; nevertheless, this court remanded the matter to the Superior Court to correct the inaccurate state of the record [714-715].

INDICTMENTS found and returned in the Superior Court Department, two on November 8, 1989, and two on December 22, 1989, respectively.

Motions to vacate sentence, filed on July 6, 1999, and for reconsideration, filed on February 23, 2001, were heard by *Mary-Lou Rup,* J.

*Michael S. Owen,* pro se.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. As was the case in *Commonwealth v. Miranda,* 441 Mass. 783 (2004), the defendant was charged in an indictment (89-6615) with a substantive offense, here armed robbery, and in a subsequent indictment (89-7937) with the same substantive offense (armed robbery) as a second or subsequent offense. See G. L. c. 278, § 11A (habitual offender).[1] After a jury found

---

[1]In addition, the defendant was charged with kidnapping (indictment 89-6616) and convicted. The only relevance of that conviction to this appeal is

the defendant guilty of the lesser included offense of unarmed robbery, and after the defendant waived a jury trial as to the second offense indictment, the judge found him guilty of being an habitual criminal on indictment 89-7937. He was sentenced to life imprisonment on the unarmed robbery charge (89-6615) and to a concurrent life sentence on the habitual offender charge.

Several years later and after his convictions had been affirmed — the present problem apparently was not raised or addressed in the defendant's appeal from his convictions[2] — the defendant, claiming that he had been twice punished for the same crime, filed a pro se motion to vacate the sentence imposed on indictment 89-7937 and to dismiss that indictment. Counsel was appointed and the motion was heard. According to the motion judge,[3] the defendant

> "[a]pparently because no process issued, . . . was not present in court on the date scheduled for hearing. Nonetheless, the defendant's counsel and counsel for the Commonwealth advised the court that they had reached an agreement that the sentence imposed on indicment 89-6615 be vacated. [The judge] allowed the defendant's motion consistent with counsel's agreement."

The defendant's motion for reconsideration was based on his claim that counsel was ineffective in making the agreement and failing to argue the defendant's position as set forth in his motion. This appeal is from the denial of the defendant's original motion to vacate that sentence and from the denial of his motion for reconsideration. His two main claims are that

---

that the sentence on that charge has to be changed to indicate that it is to be concurrent with what we determine should be the lead sentence. The defendant was also charged with kidnapping as a second or subsequent offense (indictment 89-7938), but that conviction was filed and is not here involved. Although the indictments which charged armed robbery and kidnapping as second or subsequent offenses were dated December 1989, and the first indictments were dated November 1989, all the indictments were signed by the same foreman.

[2]The appeal from his conviction was consolidated with an appeal from a motion for a new trial. The defendant filed two motions for release from unlawful restraint, but the record before us does not indicate the basis for those motions.

[3]The judge issued a memorandum of decision on the defendant's motion for reconsideration of her ruling on the motion, and we cite to that memorandum.

indictment 89-7937 should have been dismissed on principles of double jeopardy and that the record indicates that he has two convictions of one crime, unarmed robbery.

1. *Double jeopardy.* Although the defendant argues that contrary to the principles of double jeopardy, he was convicted of the same crime twice, the proceedings do not substantiate that claim. In her memorandum denying reconsideration, the motion judge correctly noted that the transcript of the trial proceedings shows that the parties agreed to proceed by trying the substantive indictments 89-6615 (armed robbery) and 89-6616 (kidnapping) first, and then, if the jury found the defendant guilty, the parties would subsequently try the habitual offender claims in indictment 89-7937. This is the appropriate procedure under G. L. c. 278, § 11A. *Commonwealth* v. *Miranda*, 441 Mass. at 787-788. As the motion judge also noted, the transcript indicates that the trial judge, after the taking of verdicts and before sentencing, conducted a colloquy in which the defendant waived the right to a jury trial, and, then, after receiving stipulations that the defendant had previously been convicted of specified felonies for which he had received prison sentences, found the defendant "guilty of being an habitual criminal on the one indictment." According to the motion judge, "The [trial] judge did not hear, again, evidence regarding the robbery allegations. . . . [and] did not make a finding that the defendant was guilty of robbery, as charged in indictment 89-7937; instead, he announced his verdict on the indictment as finding the defendant 'guilty of being an habitual criminal.' "

The judge was correct that the defendant was not twice subjected to prosecution for the same crime, although the indictments were not in the form recommended. The repeat-offender statute is only a sentence enhancing provision and does not identify a freestanding crime. *Commonwealth* v. *Fernandes*, 430 Mass. 517, 520 (1999), cert. denied sub nom. *Martinez* v. *Massachusetts*, 530 U.S. 1281 (2000). Accordingly, where the Commonwealth intends to go forward against the defendant on one substantive offense of armed robbery as a repeat offense, the repeat-offender component should appear as a second count of the indictment for armed robbery. See *Commonwealth* v. *Miranda*, 441 Mass. at 788 n.7. In that case, as here, there were

two indictments, one charging a substantive offense (distribution of heroin) and the other distribution of heroin as a second offense. The court upheld the trial judge's amendment of the first indictment to include the repeat-offender component of the second indictment, noting that this "was a proper way to correct the Commonwealth's mistake to avoid possible problems for the defendant if it appeared that he was convicted of two separate offenses." *Id.* at 789-790.

In *Miranda*, the defendant had agreed to the amendment. The court, however, pointed out, 441 Mass. at 789 n.9, that had the defendant not agreed to amend the first indictment to add a count with the repeat-offender component of the second indictment, his second trial could

> "have gone forward on the repeat-offender component of the second indictment. Principles of double jeopardy would not have operated to prevent the judge from finding the defendant guilty of distribution of heroin as a second or subsequent offense under the sentence enhancement component of the second indictment."

In other words, the procedure followed in the case at bar did not offend principles of double jeopardy, and the conviction of the defendant of unarmed robbery as an habitual offender was proper.

2. *Record problems.* While the motion judge properly vacated one of the two concurrent life sentences, that did not suffice to solve the record problems. Her vacation of the sentence on indictment 89-6615 as duplicative left the following docket entry on that indictment:

> "Verdict: Guilty of lesser included offense of Unarmed Robbery."

The docket entry on indictment 89-7937 as amended by the motion judge reads in relevant part as follows:

> "Court orders that the sentence be corrected to read Guilty of Unarmed Robbery under 265/19. Sentence of life imprisonment no longer a sentence conc. w/sent. on 89-6615, which has been vacated. This is now the lead

sentence. Deft. resentenced to a life term at M.C.I. CJ Nunc pro tunc to 9/7/90."

That the record may cause the defendant problems is evidenced by the record for the defendant found in "The Commonwealth of Massachusetts Executive Office of Public Safety Criminal History Systems Board" (board of probation record). That record, requested by the panel and furnished by the defendant, shows a conviction of unarmed robbery habitual offender on docket 89-7937 and also shows a conviction of unarmed robbery on docket 89-6615. Erroneously, it also shows that the defendant was committed on a life sentence in each case.

We need not determine whether counsel was ineffective because, in any event, we consider the present state of the record, both on the docket of the Superior Court and at the board of probation, inaccurate. The dockets may cause the defendant needless harm. If uncorrected, they create, in our view, a substantial risk of a miscarriage of justice.

We consider the simplest way to correct the docket is to remand the matter to the Superior Court to implement the procedure followed in *Commonwealth* v. *Miranda,* by now combining indictment 89-6615 with the repeat-offender component of indictment 89-7937 and dismissing indictment 89-7937. Such an amendment is a matter of form and not substance. *Commonwealth* v. *Miranda,* 441 Mass. at 788. See Smith, Criminal Practice and Procedure §§ 741, 742 (2d ed. 1983 & Supp.2003), and Mass.R. Crim.P. 4(d), 378 Mass. 849 (1979). Rather than prejudicing the defendant, such an amendment corrects the record to show that the repeat-offender portion of the indictment is not a freestanding crime but concerns only the sentence. See *Commonwealth* v. *Miranda, supra* at 788. The life sentence originally imposed on indictment 89-6615 is to be reinstated, and that sentence is to be the lead sentence with which the sentence on indictment 89-6616 (kidnapping) is to be concurrent. Since we are confident that the Superior Court judge will, through the probation department, district attorney, or otherwise inform the Criminal History Systems Board of these changes, we make no order in this respect.

*So ordered.*