## COMMONWEALTH vs. THOMAS H. JARVIS.

No. 06-P-347.

Plymouth. October 6, 2006. - March 30, 2007.

Present: KANTROWITZ, COWIN, & GRAINGER, JJ.

*Motor Vehicle,* Operating under the influence. *Habitual Offender. Practice, Criminal,* Double jeopardy.

While the procedure followed in a criminal case (in which, after the defendant had been convicted by a jury of operating a motor vehicle while under the influence of alcohol and the judge had sentenced him on that conviction, a second judge found the defendant guilty on the subsequent offense charge of the complaint, then remanded the case to the first judge, who revised the sentence to reflect that it was imposed for a subsequent offense) violated the provisions of G. L. c. 278, § 11A, the defendant neither was put in jeopardy twice for the same offense nor subjected to a substantial risk of a miscarriage of justice. [539-543]

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on February 24, 2003.

The case was tried before *Ronald F. Moynahan,* J., and the subsequent offense portion of the complaint was heard by *Thomas S. Barrett,* J.

*Earl M. Sheppard* for the defendant.

*Mary E. Lee,* Assistant District Attorney, for the Commonwealth.

COWIN, J. Charged with operating a motor vehicle while under the influence of alcohol (OUI), fourth offense, see G. L. c. 90, § 24(1)(a)(1), the defendant was convicted by a District Court jury of the primary offense.[1] The defendant waived his right to

---

[1]The defendant also was charged with, and convicted of, operating negligently so as to endanger, see G. L. c. 90, § 24(2)(a). He was found responsible for civil motor vehicle infractions under G. L. c. 89, § 4B, and G. L. c. 90, § 17. None of these additional counts is subject to the present appeal.

a jury trial regarding the portion of the complaint alleging that this was a fourth offense. Because the trial judge previously had acted on motions of the defendant that implicated the prior convictions,[2] the judge allowed the defendant's motion that he recuse from the subsequent offense portion of the trial. Before transferring that part of the case to a second judge, however, the first judge sentenced the defendant to two years in the house of correction, one year committed, the balance suspended for two years,[3] on the primary offense of OUI.

The defendant thereafter moved to dismiss the subsequent offense charge on the ground of double jeopardy. This motion was denied by the second judge, who then conducted a bench trial on the subsequent offense charge, found that the defendant had been convicted on three prior occasions, and returned the case to the first judge for resentencing. On the Commonwealth's motion to revise and revoke the original sentence, the first judge resentenced so that, while the periods of incarceration and probation remained the same, the sentence now reflected that it was imposed for a fourth offense.[4] The defendant appealed.[5] We conclude that, while the procedure followed in this case violated the provisions of G. L. c. 278, § 11A, the defendant neither was put in jeopardy twice for the same offense nor subjected to a substantial risk of a miscarriage of justice. Accordingly, we affirm.

The defendant contends that subjecting him to a sentence enhancement after the imposition of sentence on the primary offense exposed him to additional punishment for the same crime

[2]The judge heard and denied the defendant's motion to suppress evidence of one of his prior convictions, as well as the defendant's subsequent motion to withdraw his guilty plea with regard to one of the earlier convictions.

[3]The first judge imposed a suspended sentence of one year on the count of operating negligently so as to endanger.

[4]The change is significant because conviction of OUI, fourth offense, brings with it a mandatory loss of one's operator's license for a minimum of ten years.

[5]The defendant presents the appeal as one both from the conviction of the subsequent offense and from the order denying his motion to stay further sentencing. The order, however, was entered after the filing of his notice of appeal and therefore is not before us. In any event, we do not see that the motion to stay further sentencing implicates any considerations that are not present in the challenge to the conviction itself.

and thus violated his right not to be placed in double jeopardy. See *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995) (double jeopardy clause of Fifth Amendment to United States Constitution prevents "multiple punishments for the same offense"). The prohibition against double jeopardy is recognized in Massachusetts as a matter of common law, see *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 316 (1994), and pursuant to statute, see G. L. c. 263, § 7.[6] Although the resentencing by the first judge preserved the parameters of the defendant's original sentence, he argues that the alteration of his conviction to one of a fourth offense subjected him to "additional punishments," thus contravening the prohibition against multiple punishments for the same offense.[7]

The Commonwealth concedes that the first judge violated the directive of G. L. c. 278, § 11A, that sentencing not take place until a bifurcated trial has been completed. The statute, inserted by St. 1967, c. 213, provides in relevant part that "[i]f a defendant is charged with a crime for which more severe punishment is provided for second and subsequent offenses, and the complaint or indictment alleges that the offense charged is a second or subsequent offense[,] . . . [and] there is a verdict or finding of guilty after trial, then before sentence is imposed, . . . [the defendant] shall be entitled to a trial by jury of the issue of conviction of a prior offense . . . . Upon the return of a verdict, after the separate trial of the issue of conviction of one or more prior offenses, the court shall impose the sentence appropriate to such verdict." See *Bynum* v. *Commonwealth*, 429 Mass. 705, 708 (1999). Consequently, it is plain that the

---

[6]The Massachusetts Declaration of Rights contains no express prohibition against double jeopardy. See *Commonwealth* v. *LaCaprucia*, 429 Mass. 440, 445 n.16 (1999). As indicated, double jeopardy is a creature of common law and statute. See *Powers* v. *Commonwealth*, 426 Mass. 534, 537 n.5 (1998). It has been suggested, however, that the due process clause of art. 12 might incorporate a double jeopardy restriction. See *Bynum* v. *Commonwealth*, 429 Mass. 705, 710 (1999).

[7]The only actual "additional punishment" in this case is the ten-year mandatory loss of the defendant's operator's license. That the finding regarding prior offenses transformed the conviction from one of a misdemeanor to one of a felony, and that the defendant thereby was subjected to mandatory minimum sentencing as opposed to an "early release sentence," are not meaningful considerations in this case where the first judge already had chosen a sentence that required the defendant's incarceration for at least one year.

procedure followed in this case was inconsistent with what the Legislature envisioned as the appropriate sequence of events under this enhanced penalty statute.

The Commonwealth contends that the defendant waived any defense of double jeopardy that he otherwise might have had by failing to object when the first judge indicated that he was prepared to impose sentence following the conviction of the primary offense. Indeed, a defense of double jeopardy may be waived. See *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986); *Commonwealth* v. *Bennett*, 52 Mass. App. Ct. 905, 906 (2001). Ordinarily, it is sufficient to preserve the defense by raising it, as the defendant did here, in a motion to dismiss prior to the second trial. See *Commonwealth* v. *Spear*, 43 Mass. App. Ct. 583, 586-587 (1997). That proposition, however, appears to apply to the normal case in which a defendant has no prior notice that he will be subjected to prosecution or sentencing a second time. Here, the defendant requested that the first judge recuse, was informed at the time of the first sentencing that there would be a subsequent proceeding, and arguably should have made his position known at that time.

We need not rely on waiver, however, because the defendant's claim of double jeopardy is unfounded in any event. It has been held that when a sentence is increased in a second proceeding "the application of the double jeopardy clause . . . turns on the extent and legitimacy of a defendant's expectation of finality in that sentence. If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited." *United States* v. *Fogel*, 829 F.2d 77, 87 (D.C. Cir. 1987). See *Commonwealth* v. *Woodward*, 427 Mass. 659, 687 (1998). This has led to a clear exemption of consideration of prior convictions for sentencing purposes from the application of the Federal double jeopardy clause. See *Apprendi* v. *New Jersey*, 530 U.S. 466, 476 (2000); *Sattazahn* v. *Pennsylvania*, 537 U.S. 101, 111-112 (2003). This follows from the fact that double jeopardy is not implicated unless the prior sentence comes about as the result of acquittal with respect to an essential element required for imposition of the harsher sentence. *Sattazahn* v. *Pennsylvania, supra*. In addition, where jeopardy attaches and has not terminated, considerations of double jeopardy are not implicated. *Id.* at 106.

Consequently, we conclude that the violation of G. L. c. 278, § 11A, that took place in this proceeding did not subject the defendant to double jeopardy. See *Commonwealth* v. *Zuzick*, 45 Mass. App. Ct. 71, 75 (1998) (denying dismissal of subsequent offense portion of complaint on double jeopardy grounds where judge, after primary conviction, sentenced defendant as repeat offender without trial on subsequent offense); *Commonwealth* v. *Owen*, 61 Mass. App. Ct. 711, 714 (2004), cert. denied, 544 U.S. 1001 (2005), citing *Commonwealth* v. *Miranda*, 441 Mass. 783, 789 n.9 (2004) (holding that trial on second indictment alleging repeat offender count, separate from indictment on primary offense for which defendant was convicted, did not offend principles of double jeopardy). Procedural errors at the sentencing stage do not require dismissal of the subsequent offense portion of the complaint on double jeopardy grounds, although they may call for other forms of relief. See *Commonwealth* v. *Zuzick*, *supra* (vacating subsequent offense guilty verdict and remanding for trial on that portion of complaint); *Commonwealth* v. *Chaplin*, 50 Mass. App. Ct. 365, 367-368 (2000) (same); *Commonwealth* v. *Orben*, 53 Mass. App. Ct. 700, 706-707 (2002) (same).

Here, there could be no reasonable question that the proceeding had not concluded, and that jeopardy had not terminated, when the first judge imposed sentence following conviction of the primary offense. The defendant was on notice, by virtue of the complaint, that he had been charged with a subsequent offense. The first judge made it clear when he sentenced the defendant that a trial on the subsequent offense portion of the complaint would follow, with a possible effect on the sentence should there be a finding in the Commonwealth's favor after that hearing. That the subsequent offender trial was conducted before a second judge is irrelevant. The defendant could not have had the kind of legitimate expectation in the finality of the original sentence that would support a double jeopardy defense.

Nor, apart from considerations of double jeopardy, does G. L. c. 278, § 11A, require dismissal of that portion of the complaint that alleged a subsequent offense. The defendant relies on *Bynum* v. *Commonwealth*, 429 Mass. at 709-710, in which a repeat offender complaint was dismissed under the provisions of the

statute, although not on double jeopardy grounds. The defendant's reliance on *Bynum* is misplaced. In *Bynum, id.* at 709, the Commonwealth sought to subject the defendant to two separate sentences when the "Legislature called for only a single sentence to be imposed" under the particular statute. Thus, G. L. c. 278, § 11A, does not countenance a sentence after conviction of a primary offense, "and then, years later in a separate proceeding, the imposition of a harsher sentence because the offense was a repeat offense." *Id.* at 710. In the present case, the conversion of the sentence for the primary offense into a different single sentence for a fourth offense resolved any concerns that were present in *Bynum.* Likewise, there is no likelihood that the passage of time between the sentence for the primary offense and the sentence for the fourth offense was of such a length that the substituted sentence could be deemed a second or additional sentence.[8]

The proper remedy, in similar circumstances, has been to retain the underlying conviction, vacate the procedurally improper sentence, and proceed in accordance with the provisions of G. L. c. 278, § 11A. See, e.g., *Commonwealth* v. *Zuzick, supra*; *Commonwealth* v. *Chaplin, supra* at 368; *Commonwealth* v. *McCready,* 50 Mass. App. Ct. 521, 525 (2000); *Commonwealth* v. *Orben, supra* at 707. This effectively already has taken place. The defendant has been afforded a trial on the subsequent offense portion of the complaint, and has been given a single sentence based on the findings therefrom.

*Judgment affirmed.*

---

[8]Our conclusions with respect to the defendant's double jeopardy assertions dispose as well of his contention that the proceeding created a substantial risk of a miscarriage of justice.