COMMONWEALTH *VS.* WASHINGTON W., a juvenile.

Suffolk. March 2, 2010. - June 25, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Juvenile Court,* Delinquent child. *Practice, Criminal,* Juvenile delinquency proceeding, Discovery. *Selective Prosecution. Evidence,* Selective prosecution, Relevancy and materiality.

In a delinquency proceeding in the Juvenile Court charging the juvenile with rape of a child and indecent assault and battery on a child under the age of fourteen, the judge did not abuse his discretion in granting discovery to the juvenile, who sought statistical data in the possession of the district attorney's office relevant to the juvenile's potential claim of selective prosecution based on sexual orientation, where, although the juvenile was foreclosed from making a threshold showing of relevance, the juvenile's claim was sufficiently serious to warrant further inquiry, and the juvenile was in a disadvantageous position compared to an adult defendant, in that the juvenile could not search Juvenile Court records to determine, from complaints and indictments, the number of prosecutions that have been instituted in same-sex cases of sexual abuse as compared to opposite-sex cases of sexual abuse in the same time frame; however, this court limited discovery to records in the possession of the district attorney's office showing the number of cases where statutory rape, indecent assault and battery, or both, were charged and the juvenile and the complainant were both under the age of seventeen. [142-149] CORDY, J., dissenting, with whom COWIN, J., joined.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 12, 2009.

The case was reported by *Cowin,* J.

*Alexei Tymoczko,* Assistant District Attorney (*David A. Omiunu,* Assistant District Attorney, with him) for the Commonwealth.

*Kenneth M. Resnik* (*Patricia L. Garin* with him) for the juvenile.

SPINA, J. We are asked to determine whether a judge in the Juvenile Court abused his discretion in granting discovery to the juvenile, who sought information relevant to his potential claim for selective prosecution based on sexual orientation. We conclude that the judge acted within his discretion in granting

discovery, although we limit the discovery that should be permitted in this circumstance.

1. *Background.* Beginning in September or October of 2006, the juvenile and the complainant — both of whom have been diagnosed with Asperger's Syndrome — allegedly began to have a series of sexual encounters.[1] At that time, the juvenile was fifteen and the complainant was thirteen. These encounters continued through January 28, 2007, the juvenile's sixteenth birthday, and ended shortly thereafter, on or about March 31, 2007.

The complainant's parents learned of these incidents, and his father made a report to the Canton police department. The juvenile was charged with two delinquency complaints of rape of a child (statutory rape), both occurring in the month following his sixteenth birthday, and two delinquency complaints of indecent assault and battery on a child under the age of fourteen, alleged to have occurred between October 1, 2006, and March 31, 2007. The complainant was not charged with any crime. The juvenile filed a motion for discovery of statistical data concerning the prosecution of statutory rape charges in Norfolk County involving juveniles engaged in heterosexual conduct and those engaged in homosexual conduct. A Juvenile Court judge denied the motion without prejudice, and the juvenile filed a motion to dismiss, arguing, among other things, selective prosecution based on sexual orientation. After this court's decision in *Commonwealth v. Bernardo B.*, 453 Mass. 158 (2009), a different Juvenile Court judge denied the juvenile's motion to dismiss with prejudice, except for the portion relating to selective prosecution, which the judge denied without prejudice. In response, the juvenile filed a renewed motion for statistical data, which that judge granted in part.[2] The Commonwealth filed a petition for

---

[1]The Commonwealth argues that the juvenile forcibly raped the complainant. However, the Commonwealth did not charge the juvenile with rape of a child by force. In addition, the Juvenile Court judge determined that "[the complainant did] not indicate any physical coercion."

[2]The juvenile justified his request for the production of statistical evidence based on two theories of selective prosecution: (1) the Norfolk district attorney has not prosecuted mutually agreed-to acts between young persons engaged in heterosexual activities; and (2) the decision to prosecute the juvenile, but not the complainant, was based on an arbitrary classification, in light of the complainant's testimony that he believed the sexual encounters to be "morally wrong," and the pressure from the complainant's parents to prosecute the case.

relief pursuant to G. L. c. 211, § 3. A single justice of this court reserved and reported the case to the full court.[3]

2. *Selective prosecution.* The Commonwealth argues that the juvenile is not entitled to the discovery he seeks because (1) selective prosecution is only applicable where the prosecution implicates a protected class; (2) the juvenile did not make a threshold showing of selective prosecution; (3) the discovery order is an intrusion into juveniles' and complainants' privacy; and (4) Massachusetts courts do not recognize sexual orientation as a protected class. For the reasons below, and based on circumstances particular to the Juvenile Court and the current procedural status of the case, we need not address all these issues at this time. We hold that the judge did not abuse his discretion, and limited discovery, as detailed below, should be allowed.

The district attorney has "wide discretion in determining whether to prosecute an individual," and prosecutorial decisions are presumed to be in good faith. *Commonwealth* v. *Bernardo B.*, 453 Mass. 158, 167 (2009), quoting *Commonwealth* v. *Clint C.*, 430 Mass. 219, 228 (1999). While some selectivity is permissible in criminal law enforcement, the Federal and Massachusetts Constitutions guarantee that the government will not proceed against an individual based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Commonwealth* v. *King*, 374 Mass. 5, 20 (1977), quoting *Oyler* v. *Boles*, 368 U.S. 448, 456 (1962). See *Pariseau* v. *Brockton*, 135 F. Supp. 2d 257, 263 (D. Mass. 2001), quoting *Hayden* v. *Grayson*, 134 F.3d 449, 453 n.3 (1st Cir. 1998) (stating that "the Equal Protection Clause safeguards not merely against invidious classifications such as race, but also against 'any arbitrary classification of persons for unfavorable governmental treatment' "). Therefore, "judicial scrutiny is necessary to protect individuals from prosecution based on arbitrary or otherwise impermissible classification." *Commonwealth* v. *Bernardo B., supra* at 168.

---

[3]On March 1, 2010, the day before oral argument before this court, the juvenile filed a motion to dismiss in the Juvenile Court. The motion did not allege selective prosecution. The Commonwealth argues that, under Mass. R. Crim. P. 13, as appearing in 442 Mass. 1516 (2004), the selective prosecution claim may now be moot. Even if the case is moot, we may reach the issue, one of public importance, where the matter has been fully briefed and argued, as here. *Dacey* v. *Milk Control Comm'n*, 340 Mass. 681, 683 (1960).

"Because we presume that criminal prosecutions are undertaken in good faith, without intent to discriminate, the defendant bears the initial burden of demonstrating selective enforcement." *Commonwealth* v. *Franklin,* 376 Mass. 885, 894 (1978). "In order to meet this burden, the defendant must present evidence which raises at least a reasonable inference of impermissible discrimination. . . . The defendant must show that a broader class of persons than those prosecuted has violated the law, . . . that failure to prosecute was either consistent or deliberate, . . . and that the decision not to prosecute was based on an impermissible classification such as race, religion, or sex." (Citations omitted.) *Id.* See *Commonwealth* v. *Lora,* 451 Mass. 425, 437 (2008). Cf. *United States* v. *Armstrong,* 517 U.S. 456, 463-465 (1996), quoting *Wayte* v. *United States,* 470 U.S. 598, 608 (1985) (requiring that defendant present "clear evidence" that prosecutor acted against particular class of persons so as to deny them equal protection, showing that prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose"). The burden is "sufficiently rigorous that its imposition does not unnecessarily intrude on the exercise of powers constitutionally delegated to other branches of government. Balance is therefore important." *Commonwealth* v. *Lora, supra* at 445. Once a juvenile makes this showing, "the Commonwealth must rebut that inference or suffer dismissal of the underlying complaint." *Commonwealth* v. *Franklin, supra* at 895.

Here, the Commonwealth argues that the threshold issues in this claim of selective prosecution are whether an allegation of selective prosecution must be based on discriminatory treatment of someone who is a member of a protected class and, accordingly, whether sexual orientation is a protected class in Massachusetts. These are constitutional issues that we need not reach because there is another, nonconstitutional basis on which this case can be decided. See *Brackett* v. *Civil Serv. Comm'n,* 447 Mass. 233, 242 (2006); *Bynum* v. *Commonwealth,* 429 Mass. 705, 710 (1999).[4] That question is whether the juvenile has been foreclosed from developing a factual basis to support his

---

[4] We need not determine now whether sexual orientation is a protected class in Massachusetts. See *Goodridge* v. *Department of Pub. Health,* 440 Mass. 309, 331 n.21 (2003) ("Article 1 of the Massachusetts Constitution specifically prohibits sex-based discrimination. . . . We have not previously

allegations. Our inquiry is accordingly limited to whether discovery is warranted at this point.

In order to make the requisite showing of selective prosecution in a motion to dismiss, a defendant may introduce statistical evidence demonstrating that similarly situated juveniles are treated differently by the prosecutor on the basis of impermissible categorizations. *Commonwealth* v. *Lora, supra* at 440. However, there are no public records available from which the juvenile may satisfy his burden. Juvenile Court records are generally closed to public inspection, see G. L. c. 119, § 60A, and there are strong policy reasons for not permitting this juvenile to have unfettered access to all Juvenile Court records in Norfolk County. The prosecutor's office is therefore the most reliable source of information from which to develop the necessary statistical evidence. Because the production of such evidence burdens the Commonwealth, the juvenile must move under Mass. R. Crim. P. 14 (a) (2), as appearing in 442 Mass. 1518 (2004), for "material and relevant" pretrial discovery from the Commonwealth, and a "threshold showing of relevance" is required in order to be entitled to the information. *Commonwealth* v. *Bernardo B., supra* at 169. See *Commonwealth* v. *Betances,* 451 Mass. 457, 462 n.6 (2008).

The juvenile requested the following discovery:

> "The number of cases reported to the Norfolk County District Attorney in the last five years of statutory rape and/or indecent assault and battery where the accused and the complaining witness were under 17 years old, including the age and sex of the accused and the complaining witness.

---

considered whether 'sexual orientation' is a 'suspect' classification. Our resolution of this case does not require that inquiry here"). However, the Commonwealth has a significant legislative policy against discrimination based on sexual orientation. See G. L. c. 151B, § 4; *Goodridge* v. *Department of Pub. Health, supra* at 341. Even if sexual orientation is not a protected class, other jurisdictions have analyzed selective prosecution claims based on sexual orientation under a "rational basis" equal protection analysis, holding that because "the desire to effectuate one's animus against homosexuals can never be a legitimate governmental purpose, a state action based on that animus alone violates the Equal Protection Clause." *Stemler* v. *Florence,* 126 F.3d 856, 873-874 (6th Cir. 1997). See Thomas *vs.* Talent, U.S. Dist. Ct. Civil No. 05-3067-CO (D. Or. Aug. 7, 2006). Cf. Anderson *vs.* Portland, U.S. Dist. Ct. Civil No. 08-1447-AA (D. Or. July 31, 2009) (holding that homeless individuals stated equal protection claim).

"The number of cases charged in the last five years in Norfolk County of statutory rape and/or indecent assault and battery where the accused and the complaining witness were under 17 years old, including the age and sex of the accused and the complaining witness.

"The number of cases reported to the Norfolk County District Attorney in the last five years of sexual assaults of a person — including but not limited to Rape, Rape of a Child, Statutory Rape, Assault with Intent to Commit Rape, and Indecent Assault and Battery — including the sex of the accused and the sex of the complaining witness.

"The number of cases charged in the last five years in Norfolk County of sexual assault of a person — including but not limited to Rape, Rape of a Child, Statutory Rape, Assault with Intent to Commit Rape, and Indecent Assault and Battery — including the sex of the accused and the sex of the complaining witness.

"Any and all written policies by the Norfolk County District Attorney in effect during the last five years concerning the charging of statutory rape.

"Any statistical compilations, reports or studies done by the Norfolk District Attorney's Office concerning sex crimes or sex cases in Norfolk County in the last five years."

The judge granted the juvenile's discovery requests in part, concluding that "[t]he requested information is material and relevant in that, if it yielded evidence suggestive of selective prosecution, it would enable the [juvenile] to generate valid statistics or other objective data of the kind that has been found sufficient in other cases to present a prima facie case of discriminatory arrest and charging." In response to the Commonwealth's motion for reconsideration, the judge slightly limited the responses required from the Commonwealth, limiting the age range and allowing the Commonwealth to submit the numbers of cases responsive to the first two requests, as well as accompanying information as to the age and sex of the accused and the complaining witness. The judge stated that this would limit the burden on the Commonwealth and protect the privacy of any individuals named in the relevant cases.

The Commonwealth argues that the juvenile has not made a threshold showing of relevance sufficient to warrant discovery. The Commonwealth argues (1) that the juvenile did not make an effort to apply for a juvenile complaint against the complainant; (2) that the juvenile is identically situated to the complainant, who was not prosecuted; (3) that, unlike the facts of *Commonwealth v. Bernardo B., supra,* the Commonwealth here alleges forcible rape; and (4) that the juvenile was old enough to consent to sexual contact, but the complainant, at age thirteen, was not.

In support of his request for discovery, the juvenile presented information showing that sexual activity among teenagers in Massachusetts is frequent, and argued that the minimal prosecution of such activity indicates that the Commonwealth does not have a policy of prosecuting underage sexual activity. He also argued that the class of individuals to which he allegedly belongs — those engaged in same-gender sexual activity — is a class that is historically discriminated against.[5] He did not present any evidence that the district attorney has a history of prosecuting primarily underage same-gender sexual activity, but he asserts that "[t]he requested discovery will likely show that underage mutually agreed-to heterosexual actions amongst similarly aged teenagers are not prosecuted, but that homosexual acts *are* prosecuted, especially when the parents of one of the parties insist."

Unlike the *Bernardo B.* case, where the juvenile and the complainants were treated differently despite performing the exact same acts, and the only difference was that the juvenile was male and the complainants were female, the facts of this case do not immediately support an argument for selective prosecution, as the juvenile and the complainant both engaged in underage same-gender sexual activity, while only the juvenile was prosecuted. Therefore, unlike in the *Bernardo B.* case, the danger of selective prosecution cannot be resolved by prosecuting the complainant as well as the juvenile. In addition, as indicated in the transcript of the sexual assault intervention network interview, the complainant here was younger than the juvenile, he indicated

---

[5]Both the Commonwealth and the juvenile emphasize the historic and continuing animosity against homosexual individuals.

that homosexuality was wrong and that he was not a homosexual, and his parents initiated the criminal complaint. Moreover, the subtleties behind a decision to prosecute just one youth in the context of same-gender sexual relations suggests that a comparison of similarly situated juvenile defendants — as opposed to a comparison between the juvenile and the complainant — may provide more telling and relevant statistical information to support the juvenile's claim. All information regarding similarly situated juveniles is within the possession of the district attorney's office, and the juvenile has no ability to access that information absent a court order. Therefore, unlike the *Bernardo B.* case, where the facts of the case supported the threshold showing of relevance, the juvenile here is foreclosed from making a proper threshold showing of relevance, in light of the facts of the case and the inaccessible nature of juvenile court records.

Despite the lack of a threshold showing based on the evidence presented by the juvenile, and in light of the constraints imposed by the Juvenile Court, the juvenile's claim is sufficiently serious to warrant further inquiry. The juvenile should be in the same position as an adult who is raising the issue of selective prosecution. An adult defendant could search court records to determine, from complaints and indictments, the number of prosecutions that have been instituted in same-sex cases of sexual abuse as compared to opposite-sex cases of sexual abuse in the same time frame, in order to meet the threshold relevance requirements. Juvenile Court records are closed, but comparable records are in the sole possession of the district attorney. Therefore, the juvenile is in a disadvantageous position compared to an adult defendant.

Accordingly, we conclude that the judge did not abuse his discretion in granting preliminary discovery. We are mindful that Juvenile Court judges preside over the prosecution of such cases, and they have experience from which to judge the viability of a claim such as that being advanced here. In this case, the judge conducted a hearing on the motion for statistical data, issued a detailed memorandum, conducted another hearing in response to the Commonwealth's motion for reconsideration, and issued a second detailed discovery order. A different Juvenile Court judge conducted a third hearing in response to the Commonwealth's second motion regarding the burden of the ordered

discovery and issued a third order, concluding that the discovery would not be burdensome for the Commonwealth. In the circumstances, the judges did not abuse their discretion in concluding that the juvenile was entitled to discovery. However, we think the scope of discovery granted by the judge is overbroad at this point in the proceedings. The juvenile should be in no better position than an adult, who generally can only review the court records of cases in which charges have been brought in order to make a threshold showing of relevance. We therefore limit the judge's order granting discovery pursuant to the second request, *supra*, namely, cases where statutory rape, indecent assault and battery, or both, were *charged* and the juvenile and the complainant were both under the age of seventeen years[6]; cases that were *reported but not charged* should not be open to discovery, at this juncture.

Our decision is limited to the Juvenile Court system, and the discovery granted is only for the purpose of allowing the juvenile to have the opportunity to make a threshold showing of relevance in order to obtain further discovery. If he can make a showing of relevance based on the data produced by the Commonwealth, then he may be entitled to broader discovery in accordance with selective enforcement precedent.[7] See, e.g., *Commonwealth* v. *Bernardo B.*, 453 Mass. 158 (2009); *Commonwealth* v. *Betances*, 451 Mass. 457 (2008); *Commonwealth* v. *Lora*, 451 Mass. 425 (2008). The discovery granted here is less than the

---

[6]While the judge, on reconsideration, limited the discovery to juveniles under the age of sixteen, we do not. The conduct leading to the charges of statutory rape occurred after the juvenile's sixteenth birthday; accordingly, the juvenile should be granted discovery that will include similarly situated juveniles, that is, under the age of seventeen.

[7]The Commonwealth argues that the discovery requested is an inappropriate intrusion into juveniles' and complainants' privacy, as well as being an undue burden. The motion judge limited the privacy intrusion by allowing the Commonwealth to produce raw numbers, with accompanying age and sex information, instead of producing redacted reports, in order to ease the burden on the Commonwealth and to avoid disclosure and privacy concerns. We agree that production of the records requested, in accordance with the limitations imposed by the judge, would not be overly burdensome. Furthermore, the Commonwealth argues that the data ordered to be produced does not exist, as the files do not contain any information on the gender of the alleged offender or complainant. The Commonwealth may utilize the first names of the alleged offender and the complainant as a generally reliable indicator of gender in producing the requested information.

discovery granted in *Bernardo B.*, where the court determined that the juvenile had made a threshold showing that he was entitled to full discovery. Here, we do not lessen the standards for discovery clarified in *Bernardo B.*, as this case merely grants limited discovery that will allow the juvenile to attempt to reach the threshold showing of relevance necessary for full discovery.

3. *Conclusion.* For the foregoing reasons, the decision of the motion judge was not an abuse of discretion. However, the discovery that the Commonwealth must produce at this time is limited as detailed in this opinion. All other discovery granted by the Juvenile Court was premature. The decision of the Juvenile Court judge is affirmed as modified and the case is remanded to the Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*

CORDY, J. (dissenting, with whom Cowin, J., joins). In *Commonwealth* v. *Bernardo B.*, 453 Mass. 158 (2009) (*Bernardo B.*), four juveniles, all under sixteen, the age of legal consent, were alleged to have been engaged in consensual sexual activity. Three of the juveniles were girls and one was a boy. In spite of efforts by the boy's counsel to ensure that delinquency complaints were brought against the females for the sexual conduct they engaged in with his client, the prosecutor determined to charge only the boy for the sexual conduct.

After acknowledging the broad discretion afforded the Commonwealth in deciding to prosecute one case over another (resting as it does on the constitutional doctrine of separation of powers), the court concluded that the facts of the case on their face provided sufficient support to a claim of selective prosecution based on an impermissible ground (gender) to warrant the award of discretionary discovery from the prosecutor regarding "data concerning the gender of complainants and accuseds under the age of sixteen in cases in Plymouth County concerning charges identical to certain charges brought against the boy." *Id.* at 174. As the court explained, "the question here is whether [the boy's] behavior was so dissimilar from that of the girls in nature, kind, and degree as to nullify the possibility that

his discovery request might yield information relevant to a claim of selective prosecution." *Id.* at 173. The court answered the question in the negative, and thus concluded that the single justice did not abuse her discretion in upholding the Juvenile Court judge's order.

The case before us bears little resemblance to the facts and circumstances the court faced in *Bernardo B.* The juvenile in this case stands in very different shoes than the juvenile in *Bernardo B.*, and the grounds for his prosecution, already presumed regular and permissible, are particularly strong. While the complainant was thirteen years of age at the time of the four alleged sexual assaults, the juvenile was sixteen and over the age of consent at the time he is alleged to have raped the complainant on two occasions, and sexually assaulted him on a third. As the court noted in *Bernardo B.*, the age of consent is an important line in the law, intentionally laid down by the Legislature "to protect all children under sixteen years old from sexual abuse." *Id.* at 171. In other words, this is not a case about decision-making regarding identically situated children, raising on its very face a plausible question of selective prosecution. Absent some additional showing that the "discovery request might yield information relevant to a claim of selective prosecution," *id.* at 173, the answer to the question posed by the court in *Bernardo B.* is, in this case, "yes," the sexual behavior of someone over the age of sixteen directed at someone significantly below that age is sufficiently dissimilar to nullify the possibility that discovery will yield the type of information sought.

Moreover, in direct contrast to the facially plausible claims in *Bernardo B.*, the juvenile has made no showing whatsoever that selective prosecution may have occurred in this case. At most, he urges an order of discretionary discovery on the ground that it *might* result in evidence of his selection for prosecution based on impermissible criteria. Surely, claims for discretionary discovery of this type require some support: a threshold showing of plausibility beyond rank speculation. *Id.* at 174 (request for discovery "must be properly supported"). Yet here there is no showing at all. As the court itself admits, "[d]espite the lack of a threshold showing based on the evidence presented by the juvenile . . . the juvenile's claim is sufficiently serious to warrant further inquiry." *Ante* at 147. Contrast *Bernardo B., supra*

at 173 (juvenile "has made a threshold showing based on credible evidence that he is entitled to discovery" concerning claim of selective prosecution).

The result of this case is a regime where any claim of selective prosecution made in a juvenile case may warrant intrusions into the decision-making powers delegated to another branch of government — no matter how far fetched or unsupported — on the hope that something of statistical significance might emerge. Based on the rationale used by the court, there always might be, at least hypothetically, some evidence to support a statistical claim of selective prosecution in the confidential files of the Juvenile Court, if only the accused could get access to it. Because he cannot access those files directly, the court has concluded that the burden should be placed on the prosecutor to compile and provide that information to him. This articulated justification is unbounded.

In sum, the order entered by the Juvenile Court judge was an abuse of discretion, and the grounds on which it has been affirmed represent a misapplication of our jurisprudence with significant implications for baseless and systematic intrusions into the exercise of constitutional powers that reside in another branch.

I respectfully dissent.