NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-855

IMRE KIFOR

vs.

COMMONWEALTH & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Imre Kifor, appeals from a judgment of the Superior Court dismissing his complaint for relief in the nature of certiorari on the grounds that the defendants are entitled to absolute immunity, the action is barred by claim preclusion, the complaint fails to comply with Mass. R. Civ. P. 8, 365 Mass. 749 (1974), and the complaint fails to state a claim upon which relief may be granted.  The plaintiff also appeals from an order

---

[1] Governor, Attorney General, Commissioner of Revenue, Middlesex Division of the Probate and Family Court Department, and Barbara A. Duchesne.  The plaintiff never made proper service of Duchesne.  Although the plaintiff was entitled to file an amended complaint as of right, Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), he instead moved for leave to file an amended complaint, which would have added Cynthia S. Oulton as a defendant.  No action was taken on that motion.

denying his motion to alter or amend the judgment. The gist of the plaintiff's complaint is that various rulings of the Probate and Family Court and the Supreme Judicial Court discriminate against him, constitute retaliation for protected complaints, interfere with his rights, and aid in employment discrimination against him.

The argument section of the plaintiff's brief is four pages long, and it is devoid of any explanation why the Superior Court judge was wrong that the complaint is barred by immunity and claim preclusion, fails to comply with Mass. R. Civ. P. 8, and fails to state a claim. Arguments not raised in the appellant's brief are waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). Accord Tody's Serv., Inc. v. Liberty Mut. Ins. Co., 496 Mass. 197, 199 n.3 (2025).

Arguments raised for the first time in a reply brief are also waived. See, e.g., Springfield Water & Sewer Comm'n v. Department of Envtl. Protection, 105 Mass. App. Ct. 721, 730 n.9 (2025); Commonwealth v. Lugo, 104 Mass. App. Ct. 309, 316 n.6 (2024). In any event, even in the reply brief, the plaintiff fails to explain why the Superior Court judge erroneously concluded that the plaintiff's claims were barred by absolute immunity or failed to state a claim on which relief could be granted. Instead, the plaintiff states that absolute immunity

2

"confirms that no such protection [against discrimination] applies to straight white males & legal immigrants" and that its existence "also confirms that Father's only option for 'adequate remedy' is in federal court."  Putting aside the fact that absolute immunity applies in Federal court as well, see Forrester v. White, 484 U.S. 219, 227-228 (1988), absolute immunity neither applies selectively against straight white males nor bars the plaintiff from raising claims of discrimination in the course of judicial proceedings.  The plaintiff can raise such arguments in those judicial proceedings and seek appellate review if dissatisfied with the resolution of such complaints, rather than suing the courts and related entities.  See, e.g., Commonwealth v. Washington W., 457 Mass. 140, 142 (2010), S.C., 462 Mass. 204 (2012).  If dissatisfied with the rulings of the Massachusetts courts, the plaintiff can seek review by the United States Supreme Court, as he has done

3

in the past.  See <u>Kifor</u> v. <u>Massachusetts</u>, 144 S. Ct. 591 (2024); <u>Kifor</u> v. <u>Massachusetts</u>, 143 S. Ct. 2504 (2023).

<u>Judgment affirmed</u>.

<u>Order denying motion to alter or amend judgment affirmed</u>.

By the Court (Massing, Ditkoff & Hand, JJ.[2]),

Clerk

Entered:  May 19, 2026.

---

[2] The panelists are listed in order of seniority.