Hanlon, J.
After a jury-waived trial in the District Court, the defendant was convicted of operating a motor vehicle after his license or right to operate had been suspended for operating a motor vehicle while under the influence of intoxicating liquor (OUI). See G. L. c. 90, § 23, third par. He appeals, arguing that his motion for a required finding of not guilty was wrongfully denied because the Commonwealth failed to prove that he had notice that his license had been suspended. We affirm.
At trial, the Commonwealth called one witness and offered one exhibit; the underlying facts are not in dispute. Trooper John Santos of the Massachusetts State Police testified that, on January 30, 2012, at approximately 8 p.m., he was observing traffic on *167 Spark Street on the north side of Brockton. He saw a white Cadillac with a defective tail light and a damaged brake light. He stopped the car and asked the driver for his license and registration. The driver, later identified as the defendant, produced a registration for the car and said that his name was Jason Wilson. He also told the trooper his date of birth and current address. He never produced a Massachusetts driver’s license. The trooper, after checking with the Registry of Motor Vehicles on his “mobile data terminal,” gave the defendant a summons for the civil motor vehicle infractions and also for “operating with a suspended license.”
After the trooper’s testimony, the Commonwealth offered a certified copy of a docket sheet, number 1106 CR 2028, showing that on January 11, 2012, nineteen days before the defendant was stopped by Trooper Santos, the defendant had appeared in the West Roxbury Division of the Boston Municipal Court and admitted that there were facts sufficient to support a finding of guilty on a charge of OUI in violation of G. L. c. 90, § 24(l)(a)(l) (count 1); and operating a motor vehicle after his license or right to operate had been suspended, in violation of G. L. c. 90, § 23 (count 2). In addition, the defendant had pleaded guilty to leaving the scene of an accident after causing personal injury, in violation of G. L. c. 90, § 24(2)(a ½)(1) (count 3).
The docket sheet in that case indicates that on count 1, the OUI charge, the defendant received a continuance without a finding for one year, with conditions of probation including completion of the G. L. c. 90, § 24D, program, payment of certain fees, and a “45 day LOL” (loss of license). On count 3, the leaving the scene after causing personal injury conviction, the defendant received a concurrent sentence of probation, with the notation “loss of lie. as by law.”[1]
*168 In order to obtain a conviction in the present matter, “the Commonwealth was obligated to prove, beyond a reasonable doubt, (1) that the defendant operated a motor vehicle; (2) that at the time of that operation the defendant’s license was revoked or suspended; (3) that the license suspension or revocation was pursuant to a violation of one of the specified statutory sections (including [OUI] in violation of G. L. c. 90, § 24[1][a]); and (4) that the defendant was notified that his license had been suspended or revoked.” Commonwealth v. Oyewole, 470 Mass. 1015, 1016 (2014) (quotation omitted).
In Oyewole, the court described the following facts.
“In October, 2009, the defendant admitted to sufficient facts to support a finding of guilty on a charge of operating while under the influence of liquor (OUI case). According to the docket sheet from that case, his license was suspended for sixty days. Less than sixty days later, a Wilmington police officer, observing that a motor vehicle had its headlights off at 12:30 a.m., stopped the vehicle. The defendant was the driver and only occupant of the vehicle. The officer requested the defendant’s license, which the defendant produced. The officer confiscated the license and placed the defendant under arrest.”
Id. at 1015-1016.
The Oyewole court concluded that the evidence was sufficient to prove that the defendant had operated a motor vehicle after his license or right to operate had been suspended for operating under the influence. However, even considering the evidence in the light most favorable to the Commonwealth, “[a]s to the fourth element, ... the evidence presented at trial, together with all reasonable and possible inferences that might properly be drawn from it, was insufficient to permit a reasonable fact finder to find, beyond a reasonable doubt, that the defendant had been notified *169 of the license suspension.” Id. at 1016.
The court noted that there was no evidence in the record that the docket sheet had been shown to the defendant, or that the sentence was announced in open court. ‘“There was also no evidence that the defendant acknowledged, at the time of the stop or at any other time, that he was aware of the suspension. Moreover, the evidence showed that when he was stopped, the defendant had his license in his possession and gave it to the police officer. When a license is suspended in connection with a conviction for operating while under the influence, G. L. c. 90, § 24D, fourth par., requires that the license be surrendered to the probation department. Here, however, the defendant apparently did not surrender his license. A possible reason for this is that nobody notified the defendant that his license had been suspended.” (Footnote omitted.) Id. at 1016-1017.
In the present case, too, the evidence clearly was sufficient to prove that the defendant was operating a motor vehicle and that his license to operate had been suspended for operating under the influence; the defendant does not contend otherwise. The only question is whether the court’s analysis in Oyewole is distinguishable on the facts, or whether the holding in that case compels us to reverse the conviction and enter a finding of not guilty.[2] We are persuaded that Oyewole is distinguishable and we therefore affirm.[3]
Here, the defendant did not present a license when he was stopped by the trooper; that fact undermines any inference that no one ever seized the defendant’s license when it was suspended at the time of his earlier admission and sentencing on count 1, the OUI charge. In addition, and significantly, in Oyewole, the defendant’ s prior conviction had been for only an OUI. Nothing in the facts of that case indicates that Oyewole was aware that his license had ever been suspended. In this case, by contrast, the *170 defendant had also admitted nineteen days earlier to sufficient facts on count 2, the charge of operating a motor vehicle after his license had been suspended. It is a fair inference that prior to the defendant’s admission, the charge of operating after suspension was read to him, and also that there was record support that either the judge or the defendant’s lawyer had explained the elements of the offense to him, or that the prosecutor had read for the record the underlying facts supporting the admission. See Commonwealth v. Ubeira-Gonzalez, 87 Mass. App. Ct. 37, 39 (2015), quoting from United States v. Broce, 488 U.S. 563, 569 (1989) (“A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence”). In addition, the defendant had admitted under oath while tendering his plea that the underlying facts were sufficient to support a finding of guilty of operating after suspension. He does not contend otherwise now.
Surely, then, it is fair also to infer that this defendant, having been placed on notice at his admission hearing, only nineteen days earlier, that his license had, in fact, been suspended at the time of the underlying offense, was aware that his license was still suspended at the time of the stop at issue here — at least in the absence of any indication from any source that the license had been restored.[4] Cf. Commonwealth v. Boris, 317 Mass. 309, 315 (1944) (“A man’s intention or knowledge is a matter of fact which ordinarily cannot be proved by direct evidence and resort frequently must be had to proof by inference”).
We are satisfied that the evidence was sufficient to meet the Commonwealth’s burden of proof.

Judgment affirmed.

Under the pertinent statute, the defendant’s license would have been revoked for at least one year on count 3. General Laws c. 90, § 24(2)(£>). as amended through St. 1996, c. 450, § 137, provides, in pertinent part:
“A conviction of a violation of paragraph (a) or paragraph (a ½) of subdivision (2) of this section shall be reported forthwith by the court or magistrate to the registrar; who may in any event, and shall unless the court or magistrate recommends otherwise, revoke immediately the license or right to operate of the person so convicted, and no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or right to operate.”
General Laws c. 90, § 24(2)(c), as appealing in St. 1991, c. 460, § 4, *168 provides, in pertinent part:
“The registrar; after having revoked the license or right to operate of any person under paragraph (b). . . . may, after an investigation or upon healing, issue a new license or reinstate the right to operate to a person convicted in any court for a violation of any provision of paragraph (a) or (a ½) of subdivision (2); provided, however, that no new license or right to operate shall be issued by the registrar to: (i) any person convicted of a violation of subparagraph (1) of paragraph (a ½) until one year after the date of revocation following his conviction if for a first offense

This case was tried before Oyewole was reieased.

In Commonwealth v. Norman, 87 Mass. App. Ct. 344 (2015), this court determined that the defendant had sufficient notice of his iicense suspension, and affirmed his conviction of OUI while his license was suspended for a prior OUI. In that case, the Commonwealth offered evidence that the defendant had admitted to the police officer at the time of the stop that he did not have a license, although he provided a license number. A Registry of Motor Vehicles representative described the process used to notify a driver of license suspension and produced a copy of a “notice of suspension” letter sent to the mailing address on file for the defendant. Id. at 345. The facts of this case fall somewhere between Oyewole and Norman,

Indeed, as the Commonwealth notes, given the defendant’s plea on the charge of leaving the scene of an accident after causing personal injury, his license could not have been reinstated at the time he was stopped on the present offense. See note 1, supra.