On appeal from his conviction of operating a motor vehicle after suspension of his license to operate, the defendant contends that the evidence was insufficient to support his conviction. We reverse.
Though the record is not entirely clear, the trial judge appears to have rested his finding of guilt on a certified record of the registry of motor vehicles, heavily redacted, which the judge initially interpreted to establish that the defendant's license was suspended on January 15, 2015, together with the absence of any indication his license had thereafter been reinstated. However, as the trial judge himself thereafter acknowledged, the registry record showed no such thing, and the judge's ruling was based on a misreading of it.[2]
The Commonwealth nonetheless contends that the evidence at trial was sufficient to establish that the defendant's license was suspended on August 17, 2016, and that the defendant received notice of that suspension before his citation, on August 20, 2016, for operating after suspension. On the topic of notice, the Commonwealth seeks to distinguish the present case from Commonwealth v. Oyewole, 470 Mass. 1015, 1016 (2014), on the ground that (unlike in Oyewole ) the defendant in the present case did not have his driver's license in his possession when he was stopped by Officer Chaulk. See and compare Commonwealth v. Wilson, 90 Mass. App. Ct. 166, 169-170 (2016). The Commonwealth's contention that a reasonable finder of fact could, on the basis of such evidence, find that the defendant had notice of his license suspension on August 17, 2016, is however at odds with the explicit finding of the trial judge in the present case that the evidence did not establish that the defendant received notice of that suspension at his plea hearing on that date.
Because the trial judge expressly found that the evidence did not establish that the defendant received notice of his license suspension on August 17, 2016, before his citation for operating after suspension, and because the evidence does not establish any other suspension (much less notice to the defendant of any such suspension), the defendant's conviction cannot stand. The judgment is reversed, the finding is set aside, and judgment shall enter for the defendant.
So ordered.

The Commonwealth does not contend otherwise.