NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1329

COMMONWEALTH

vs.

DAVID C. FEELEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a District Court jury-waived trial, the defendant, David C. Feeley, was convicted of driving with a revoked license as a habitual traffic offender (count 2) and driving with a suspended license (count 3). On appeal, he challenges the denial of his motion for required findings of not guilty. Because the Commonwealth's evidence was insufficient on the element of notice to the defendant of his licensure status, we reverse.[1]

_____

[1] The judge found the defendant guilty on count 3 but did not sentence the defendant as to that count. "[A] judge, after . . . a conviction may," if the defendant consents, "order that the indictment be placed on file" without imposing sentence. Commonwealth v. Delgado, 367 Mass. 432, 437-438 (1975). Because a conviction ordinarily may not be appealed absent a judgment, and because the sentence is the judgment, a filed conviction may

Discussion.  "In reviewing the denial of a required finding of not guilty, we review the evidence introduced up to the time the Commonwealth rested its case to determine whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient for a reasonable [finder of fact] to infer the existence of each essential element of the crime charged, beyond a reasonable doubt."  Commonwealth v. Rivera, 460 Mass. 139, 141 (2011).

To prove that the defendant was driving with a suspended or revoked license, the Commonwealth was required to prove, among other things, "that the defendant was notified that his license had been suspended or revoked."  Commonwealth v. Deramo, 436 Mass. 40, 50 (2002).  The defendant's sufficiency claim focuses on this element.  Here, the offenses were alleged to have occurred in 2021.  As evidence that the defendant was on notice that his license was revoked or suspended as of that time, the Commonwealth introduced (1) the criminal docket from a 2015

_____

not be appealed absent "exceptional circumstances."  Id. at 438. Here, however, two such circumstances cause us to review the guilty finding on count 3.  First, there is no evidence that the defendant consented to the charge being placed on file.  See id. (reviewing filed conviction where defendant's consent to filing not obtained).  Second, because neither conviction (count 2, on which the defendant was sentenced, nor count 3, on which he was not) was supported by sufficient evidence, "it is apparent that both should be brought to a final termination now." Commonwealth v. Boone, 356 Mass. 85, 88 (1969).

2

prosecution, and associated Registry of Motor Vehicle (RMV) records, (2) RMV records reflecting a 2018 charge of operating with a suspended license, and (3) testimony from Sergeant Lawrence Rodkey, who conducted the 2021 traffic stop.  We consider each of these in turn.[2]

1.  2015 proceedings.  The Commonwealth introduced a criminal docket sheet showing that in 2015 the defendant pleaded guilty to one count of operating under the influence (OUI), fourth or greater offense, and one count of operating after a suspension (OAS) for an OUI.  The docket lists the sentences for each of these convictions, but neither sentence mentions a license revocation or suspension.  Similarly, the RMV records show that the defendant was found guilty of the 2015 offenses, but those records say nothing about any resulting license suspension or revocation.

The Commonwealth argues that because the defendant tendered a plea in 2015 for OAS for OUI, he was on notice that OUI convictions result in license suspensions and thus that his 2015 plea for the OUI, fourth offense, would likewise result in a mandatory ten-year license suspension.  See G. L. c. 90,

---

[2] The RMV records also mention "sanctions" including a "major disqualification" and a chemical test refusal occurring in 2018, but there was no evidence explaining the meaning of these entries, and the Commonwealth does not argue that they prove notice.

3

§ 24 (1) (c) (3 1/2); Commonwealth v. Jarvis, 68 Mass. App. Ct. 538, 539 n.4 (2007). Even accepting this logic, however, there is no evidence that the defendant was informed, at the time of those 2015 guilty pleas, that they would lead to a mandatory license suspension or how long any resulting suspension would last. See Commonwealth v. Oyewole, 470 Mass. 1015, 1016 (2014) (evidence of notice insufficient where, among other things, docket from prior conviction did not indicate defendant was notified). It thus cannot be inferred beyond a reasonable doubt that the defendant was informed that his license would still be suspended as of 2021, when the offenses charged here took place.

We acknowledge Commonwealth v. Wilson, 90 Mass. App. Ct. 166, 167 (2016), in which, nineteen days after having admitted to sufficient facts on a charge of OAS, the defendant was stopped while operating a motor vehicle. On those facts the court held it reasonable to infer that the defendant knew, at the time of the stop, that his license remained suspended. Id. at 169-170. But we are unwilling to hold such an inference reasonable where, as here, six years intervened between the earlier pleas and the events giving rise to the present charges.

2. 2018 proceedings. Although the RMV records show that in 2018 the defendant was charged with OUI while his license was already suspended for OUI, those records further suggest that the 2018 charge may have been dismissed. The Commonwealth

4

presented no evidence that the defendant was convicted of the 2018 charge, which could have supported an inference that his license was suspended at the time of that offense in 2018. Nor was there any evidence that, as a result of the 2018 proceedings, his license was further suspended or revoked, let alone that he was notified of any such action.[3]

3. Sergeant Rodkey's testimony. The Commonwealth's witness, Sergeant Rodkey, testified that during the traffic stop, he learned that the defendant's Massachusetts license had a "status of revoked" by searching for the defendant's information in an RMV database. But the sergeant gave no testimony that the defendant had been notified of that status. Notably, the defendant presented a Florida driver's license when stopped by the sergeant. Contrast Wilson, 90 Mass. App. Ct. at 169 (defendant's failure to present license when stopped supported inference that he had notice of suspension).

The defendant may well have known, when pulled over in 2021, that his license was in a suspended or revoked status. Nevertheless, even viewed in the light most favorable to the

---

[3] During sentencing arguments, after the Commonwealth rested and the defendant was found guilty, the judge and the parties made passing remarks concerning an upcoming trial for OAS and OUI, fifth offense, but this was not evidence.

5

Commonwealth, the evidence was insufficient to prove that fact beyond a reasonable doubt.

Judgment reversed.

Findings set aside.

Judgments for the defendant.

By the Court (Sacks, Englander & Walsh, JJ.[4]),

*Paul Little*

Clerk

Entered: July 24, 2025.

---

[4] The panelists are listed in order of seniority.