COMMONWEALTH *vs.* OLIVIO C. BRAUN. No. 08-P-505. April 30, 2009. *Jury and Jurors. Practice, Criminal,* Deliberation of jury, Jury and jurors, Voir dire. *Constitutional Law,* Fair trial.

A jury found the defendant guilty of two counts of distribution of cocaine. On appeal, the defendant's principal claim is that he was denied a fair trial because the trial judge failed to take appropriate steps to ascertain that a juror was sufficiently attentive during the trial. We agree that under the circumstances it was incumbent on the judge to conduct a voir dire of the juror. We reverse the defendant's convictions.

1. *Background.* Because the jury venire had been exhausted, the judge, the prosecutor, and defense counsel agreed that only six jurors would be seated, with no alternate. See G. L. c. 234, § 26B. Trial commenced, and by the end of the first day, the Commonwealth had presented three witnesses: (1) Abby Brack, a professional photographer who photographed the undercover purchase; (2) State police Sergeant Mark Kiley, the lead officer in the undercover drug investigation; and (3) Trooper Francis Walls, who conducted a measurement for purposes of a school zone complaint.

After the jury were dismissed for the day with instructions from the judge, defense counsel voiced concern to the judge that the juror in seat number 2 had "slept through most, if not all, of the testimony, and certainly some of the Court's instructions."[1]

The judge responded:

> "I will say in terms of my own observations — and [court] Officer Lackey brought it to my attention — that there were occasions in the afternoon session . . . where I did note that she appeared to be looking down. She did appear to be I'm not saying sleeping, but she did appear to be not looking up while the testimony was going on. *I can't say for certainty that she was asleep, but she certainly did have that appearance at times.* And I can't say it was throughout the trial, and I can't say it was throughout my instructions, because I did not notice that. I noticed it most recently when it was brought to my attention either at the end of [Ms. Brack's] testimony, or sometime in Sergeant Kiley's testimony is when I believe it was brought to my attention. But there would be other times that she would be looking up and appeared to be attentive.
>
> "And the only other thing I'll say . . . is in my experience with jurors over the last nine to ten years, there are occasions where some jurors simply look down while they're listening and do not look up at the witnesses for one reason or another. *I can't say and I won't make a finding that she was asleep, but she certainly had her head down and her hands up at her head almost like holding her head in some way. That's what I could see from here*" (emphasis supplied).

Trial resumed the next day, and upon conclusion, the jury found the defendant guilty.

---

[1]Defense counsel noted that had an alternate juror been available, he "probably would have suggested at the conclusion of this trial she be the alternate. But we don't have that luxury. I don't have a request at this point."

2. *Discussion.* "The right to a trial by jury is not trivial. If a juror sleeps through testimony, the criminal defendant's fundamental right to a fair trial may be placed in jeopardy." *Commonwealth* v. *Keaton,* 36 Mass. App. Ct. 81, 87 (1994). "Both the Commonwealth and the defendant are entitled to a sober, conscious jury." *Commonwealth* v. *Rock,* 429 Mass. 609, 614 (1999). To effectuate this fundamental right it is incumbent on the trial judge to insure that all the jurors hear the evidence, the arguments, and the judge's legal instructions. See *Commonwealth* v. *Keaton, supra.*

We do not expect a trial judge to be omniscient, but when the judge is alerted to a significant problem of juror attentiveness, he is required to address the problem. There is no simple formula governing when a judge must inquire and what the judge must do. The circumstances that confront trial judges on a daily basis are varied and unique. We also recognize that "[m]editation may be mistaken for somnolence." *Commonwealth* v. *Keaton, supra.* A judge has considerable discretion in addressing such a problem. See G. L. c. 234A, § 39 (court shall have discretionary authority to dismiss juror at any time in best interests of justice).

In this case, we conclude that the judge abused his discretion by failing to conduct a voir dire where there was a very real basis for concluding that the juror was sleeping during testimony and the judge's instructions, thereby calling into question that juror's ability to fulfil her oath to try the issues according to the evidence. Contemporaneous observations from three separate sources — a court officer, defense counsel, and the judge himself — alerted the judge to the very real likelihood that the juror was sleeping through the trial and the judge's instructions to the jury upon departure for the day. The juror's inattentiveness was not a momentary lapse, but an inattention that spanned all or portions of the testimony of two witnesses and the judge's instructions to the departing jury. That the judge was not *certain* whether the juror was sleeping and was unwilling to make such a finding should not have ended the inquiry. Uncertainty that a juror is asleep is not the equivalent of a finding that the juror is awake, or has a "sour face." See *Commonwealth* v. *Keaton,* 36 Mass. App. Ct. at 86-87. Nor was the judge's general experience with jurors a sufficient reason not to have conducted a voir dire. The judge's general experience is a far cry from a finding that "unequivocally . . . no juror was sleeping in my presence at any point during the trial." *Commonwealth* v. *Morales,* 453 Mass. 40, 47 (2009).

The judge had considerably more information than an affidavit from courtroom bystanders would have provided. See *Commonwealth* v. *Keaton, supra.* Armed with such information as he had, the judge was required to do more. Indeed, the facts of which the judge was aware established a compelling reason to conduct a voir dire of the inattentive juror, and the failure to do so was error. See *ibid.* By not conducting a voir dire, the judge prevented himself from obtaining the information necessary to a proper exercise of discretion. See *Commonwealth* v. *Rock, supra* at 613-614 (judge conducted voir dire and exercised discretion to discharge juror using drugs during trial).

We do not suggest that every complaint regarding juror inattentiveness requires a voir dire. Here, however, the judge had substantial reason to believe the juror may have been sleeping. Compare *Commonwealth* v. *Hernandez,* 63 Mass. App. Ct. 426, 433-434 (2005) (judge conducted voir dire and accepted juror's explanation). Because the judge failed to conduct a voir dire of the

juror in circumstances that clearly warranted inquiry, there is serious doubt that the defendant received the fair trial to which he is constitutionally entitled.[2] See *Commonwealth* v. *Stokes*, 440 Mass. 741, 751 (2004) (obviously not in interests of justice to have juror deliberate who has not heard evidence or parts of judge's charge).

> *Judgments reversed.*
> *Verdicts set aside.*

*Jose A. Vazquez* for the defendant.

*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.

---

[2]Because the failure to conduct a voir dire of the juror is an error requiring reversal, we need not address the defendant's contention that his trial attorney was ineffective in not requesting a voir dire.

