Rubin, J.
(dissenting). With respect to the reports of sleeping jurors, this case is controlled in all material respects by Commonwealth v. McGhee, 470 Mass. 638 (2015), under which it must be reversed or, at the very least, remanded for further proceedings.
McGhee applied the rule that “a judge’s receipt of reliable information” to the effect that a juror is asleep “requires prompt judicial intervention.” Id. at 644 (emphasis added), quoting from Commonwealth v. Beneche, 458 Mass. 61, 78 (2010), in turn quoting from Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 181 (2009). In McGhee, the judge received information from a juror that another juror had been asleep during testimony. Rather than taking “any . . . steps to determine if [the] juror was fit to deliberate,” id. at 645, the judge decided simply to observe the juror going forward. The judge explained later that “because of basically my failing to observe any sleepiness during the evidence, we have done nothing with [the juror]” in terms of addressing the report that he was asleep. Id. at 643.
*445 The Supreme Judicial Court held that in the face of a reliable account of a juror sleeping, “prompt judicial intervention” was required, regardless of whether the judge himself had seen the juror sleeping. The court held that “[bjecause the judge conducted no further inquiry to determine whether and, if so, when the identified juror was sleeping, ‘there is a serious doubt that the defendant received the fair trial to which he is constitutionally entitled.’ ” Id. at 645, quoting from Commonwealth v. Braun, 74 Mass. App. Ct. 904, 906 (2009). The court held that even though the defendant had acquiesced in the procedure utilized by the judge, “[t]he serious possibility that a juror was asleep for a significant portion of the trial is ‘[a] structural error . . . that so infringes on a defendant’s right to the basic components of a fair trial that it can never be considered harmless.’ ” McGhee, supra at 645-646, quoting from Commonwealth v. Dancy, supra at 182. The court vacated the convictions and remanded the case for a new trial.
This case presents essentially the same fact pattern. On the eleventh day of trial, the prosecutor said to the judge that one juror had fallen asleep several times during the testimony. The judge said that he would “keep an eye on her.” Later the judge said that he had watched the juror in question as well as another one and “they both appear[ed] to be alert and taking notes.” The judge said that he would “keep watching.” The next day the prosecutor spoke to the judge about a different juror, stating that “he was sound asleep during the cross-examinations.” The prosecutor said, “[Bjoth sides deserve to have jurors that are able to stay awake,” which is correct. Just like the judge in McGhee, the judge said, “Obviously, but I have to notice it.”
Assuming the prosecutor’s reports were reliable, the judge’s failure to take any action with respect to the prosecutor’s reports of a sleeping juror amounts to precisely the error that required a new trial in McGhee. Indeed, the misunderstanding of the judge, who of course did not have the benefit of McGhee, which was decided during the pendency of this appeal, that he was not to take action unless he personally observed a juror sleeping was exactly the same mistake that led to the Supreme Judicial Court’s decision in McGhee itself. See McGhee, 470 Mass. at 645 (“The judge’s reason for taking no further action, except to ‘observe [the identified juror] now, and see what happens,’ was essentially that he had not himself seen the juror sleeping. But other reliable information besides a judge’s observations also requires prompt judicial intervention” [quotation and citation omitted]).
*446 The majority apparently concludes that the Supreme Judicial Court’s unanimous opinion in Commonwealth v. Vaughn, 471 Mass. 398 (2015), amounted to a modification of the unanimous opinion in McGhee issued just three months earlier. The majority states that Vaughn means that mere future observation of a juror by a judge is an adequate response to reliable evidence of a juror sleeping, and that the judge’s decision simply to observe the juror going forward rather than taking any action to determine whether the juror was asleep must be upheld unless it is an abuse of discretion in the sense of an arbitrary or unreasonable decision.
This is a misreading of Vaughn. In Vaughn, the Supreme Judicial Court did not qualify its ruling in McGhee. Rather, Vaughn was a case about determining whether a report about a sleeping juror is sufficiently reliable that the rule requiring intervention is triggered.
As the court explained in McGhee, ‘“[I]f a judge receives a complaint or other information suggesting that a juror was asleep or otherwise inattentive, the judge must first determine whether that information is ‘reliable.’ ” McGhee, 470 Mass. at 644. In Vaughn, the report of a sleeping juror came from defense counsel, who reported during a bench conference that he had observed a juror sleeping. As the court described in Vaughn, “Defense counsel offered no further description of why he thought the juror was sleeping beyond the excuse that he had not brought up the issue earlier in light of the possibility he may have observed a ‘nervous reaction.’ ” 471 Mass. at 412.
The Supreme Judicial Court understood the judge’s actions to mean that “the trial judge did not find defense counsel’s assertions reliable enough to warrant further action, particularly where counsel said that the juror slept during the judge’s instructions to the jury and the judge would necessarily have been looking at the jury.” Ibid. As the Supreme Judicial Court explained, “Defense counsel’s report gave no description of the characteristics of the juror’s alleged slumber beyond likening it to a ‘nervous reaction,’ an empty illustration explained by myriad possibilities. More importantly, defense counsel did not ask for a voir dire. In fact, he initially requested the judge do nothing at that time. The judge was entitled to rely on his own observations to reach the conclusion that the report of a sleeping juror was not sufficiently reliable to warrant further action when made only by defense counsel without a request for a voir dire.” Id. at 412-413. Because there was no error in finding the report insufficiently reliable, there was no error in the failure to intervene.
*447 In this case it was the prosecutor rather than defense counsel who raised the issue. In McGhee, the Supreme Judicial Court concluded that a report from another juror was sufficiently reliable that no express finding with respect to reliability was required. The court concluded that there was “no apparent cause to doubt the reliability of this account” and therefore the judge was required to intervene. 470 Mass. at 645.
The exact same thing could be said here. I can understand an argument, however, that the correct course in this case might be to remand the case for a finding by the trial judge concerning the reliability of the prosecutor’s report. And in order to ensure that justice is done, I could go along with such a disposition of this case. The court majority, however, concludes that the judge’s failure to intervene in the face of a reliable report of a sleeping juror was within his discretion. It therefore simply affirms the defendant’s convictions. Although I agree with all other portions of the majority opinion, because the disposition of the sleeping-juror claim appears to me to contravene clear Supreme Judicial Court precedent, I respectfully dissent.