NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-94

COMMONWEALTH

vs.

JOHN G. KENNEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted in the District Court of operating a motor vehicle while under the influence of alcohol (OUI), fifth offense, and negligent operation of a motor vehicle. For the reasons that follow, we vacate so much of the OUI conviction as finds the defendant guilty of a fifth offense but otherwise affirm the convictions.

Sleeping juror. The defendant was tried on the OUI and negligent operation charges before a jury.[1] After the close of the evidence and during the judge's final instructions, the judge called counsel to a sidebar. He told the attorneys that he had noticed that "one of the jurors seem[ed] to be nodding off," and informed them he would have the jurors stand up and

_____

[1] The judge properly bifurcated the OUI charge from the subsequent offense allegation. See G. L. c. 278, § 11A.

stretch.  The judge explained that he did not "think it [was] a problem," he "just saw it a couple of times."  Neither attorney objected to the proposed course of action or requested a voir dire of the juror.  The judge invited the jurors to stand and stretch, then continued with his instructions.  On appeal, the defendant argues that the judge erred in failing to conduct a voir dire of a juror who appeared to be nodding off.  We disagree.

"[A] judicial observation that a juror is asleep . . . requires prompt judicial intervention."  Commonwealth v. McGhee, 470 Mass. 638, 643-644 (2015), quoting Commonwealth v. Beneche, 458 Mass. 61, 78 (2010).  However, "[n]ot every complaint regarding juror attentiveness requires a voir dire."  Commonwealth v. Bois, 476 Mass. 15, 28 (2016), quoting McGhee, supra at 644.  "A judge has considerable discretion in addressing such a problem."  Commonwealth v. Braun, 74 Mass. App. Ct. 904, 905 (2009).  Where, as here, the defendant contends that the judge's response was inadequate, "[t]he burden is on the defendant to show that the judge's response to information about a sleeping juror was 'arbitrary or unreasonable.'"  McGhee, supra, quoting Beneche, supra.

The defendant has not satisfied his burden in this case. After observing the juror appearing to "nod off," the judge reacted promptly by inviting the jurors to stand and stretch.

As the Commonwealth correctly notes, this case is factually similar to Commonwealth v. Dancy, 75 Mass. App. Ct. 175 (2009), in which we endorsed a similar response under similar circumstances. See id. at 181 ("If the sleeping is observed at the outset or when the juror is beginning to 'nod off,' it is likely that a break or stretch will suffice").[2] The cases on which the defendant relies are readily factually distinguishable. E.g., Braun, 74 Mass. App. Ct. at 905 ("The juror's inattentiveness was not a momentary lapse, but an inattention that spanned all or portions of the testimony of two witnesses and the judge's instructions to the departing jury"). To the extent the defendant argues that the juror in question slept through important instructions regarding the jury's use of opening and closing arguments, the contention is speculative. The record does not indicate that the judge had observed the juror to have been inattentive over a lengthy period, see Dancy, supra at 182, nor that the juror had indeed been "sleeping." See Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 433-434 (2005) ("Absent from the record is any mention of a juror actually being asleep. The trial judge stated that the juror 'appear[ed] to be nodding off'"). In any event, only a few

---

[2] The defendant's attempt to frame Dancy as inapplicable based on some distinction between "nodding off" and "beginning to nod off," is unconvincing.

3

hours earlier in the one-day trial, the judge had given the jurors preliminary instructions in which he cautioned them about the distinction between evidence and the advocates' opening and closing arguments. Moreover, the defendant points to nothing in the opening or closing arguments that would have impacted a juror absent this instruction. We conclude that the judge was in a superior position to observe and assess the juror's attentiveness, and his chosen intervention was within his discretion.

Stipulation to subsequent offense. After the jury returned with a guilty verdict, defense counsel indicated that he would "stipulate" to the four prior offenses, and a handwritten stipulation was signed by the attorneys and the judge. The defendant did not sign the stipulation. Although the judge asked the defendant if he was being forced to enter the stipulation, to which the defendant answered no, and whether it was a voluntary stipulation, to which the defendant answered yes, the judge did not otherwise conduct any jury waiver or plea colloquy. As the Commonwealth properly concedes, this procedure did not satisfy the requirements of G. L. c. 278, § 11A; consequently, to the extent the defendant's conviction for OUI as a fifth offense relies on the stipulation, it cannot stand.

4

See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 547-548 (2008).[3]

Conclusion. We affirm the judgment on the conviction of negligent operation of a motor vehicle. On the count of the complaint alleging OUI, fifth offense, the underlying conviction of OUI is affirmed, but so much of the judgment as finds the defendant guilty of a fifth offense is vacated. The sentence on the OUI conviction is vacated and the case is remanded to the District Court for further proceedings consistent with this memorandum and order. See Commonwealth v. Jarvis, 68 Mass. App. Ct. 538, 543 (2007).

So ordered.

By the Court (Meade, Desmond & Hand, JJ.[4]),

Joseph F. Stanton

Clerk

Entered: February 22, 2023.

---

[3] We read the defendant's brief to say that under Dussault, the entirety of his OUI conviction must be vacated here. To the extent that he does so, he misreads the case. In Dussault, as in this case, we affirmed the underlying OUI conviction and vacated only so much of the conviction as found the defendant guilty of a third offense. Dussault, 71 Mass. App. Ct. at 549.

[4] The panelists are listed in order of seniority.

5