NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-417

COMMONWEALTH

vs.

GYAN SHARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of aggravated rape of a child, rape of a child by force, and indecent assault and battery on a child under fourteen.  On appeal, he contends that the judge erred by failing to conduct a voir dire of what he described as a sleeping juror (juror 3).  We affirm.

Background.  On the second day of trial, after the victim's testimony concluded, the following discussion occurred at sidebar:

> PROSECUTOR:  "I just -- maybe one of the jurors might have dozed off."
> THE COURT:  "I did see that, yeah.  Someone else gave him a little nudge."
> PROSECUTOR:  "So I'm just a little bit (indiscernible; away from microphone at 3:15:55)."

THE COURT: "Right. I don't think he was --"
PROSECUTOR: "(Indiscernible; away from microphone at 3:15:58)."
THE COURT: "-- napping for very long. But he did close his eyes. He's the young kid with the glasses, sitting in --"
DEFENSE COUNSEL: "Yeah."
THE COURT: "-- the back row, who, you know, I forced to be a juror even though he had employment issues, and he worked last night. That's probably what happened, right? You know, I mean, just surmising --"
DEFENSE COUNSEL: "Certain age, yeah."
THE COURT: "-- what probably went on type of thing, but it wasn't very long. One of the other jurors noticed and gave him a little elbow, so -- thank you."
PROSECUTOR: "Thank you."

The judge took no further action, and defense counsel did not object or request a voir dire of juror 3. The trial continued without incident.

Discussion. The defendant argues that the judge abused her discretion in not conducting a voir dire of juror 3. Because he did not object at trial, we review to determine whether any error created a substantial risk of a miscarriage of justice.[1] See Commonwealth v. Ralph R., 490 Mass. 770, 785-786 (2022).

Where a judge observes a sleeping juror, or where a judge becomes aware of reliable information indicating that a juror is asleep, the judge is required to act promptly "to protect the

_____

[1] The defendant contends that this constitutes structural error, thereby relieving him of the obligation to demonstrate prejudice, but "[s]tructural errors can be procedurally waived just like any other constitutional error." Ralph R., 490 Mass. at 785, quoting Commonwealth v. Francis, 485 Mass. 86, 108 (2020).

rights of the defendant and the rights of the public."
Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 181 (2009).
However, "[j]udges have substantial discretion in this area,"
Commonwealth v. McGhee, 470 Mass. 638, 644 (2015), and "not
every instance of juror inattentiveness calls for a voir dire,"
Ralph R., 490 Mass. at 778.  Indeed, "there may be circumstances
where a judge receives reliable information that a juror is
sleeping and properly exercises his or her discretion to
intervene without conducting a voir dire."  Commonwealth v.
Villalobos, 478 Mass. 1007, 1008 n.1 (2017).  "The defendant
bears the burden to demonstrate that a judge's response was
'arbitrary or unreasonable.'"  Commonwealth v. Alleyne, 474
Mass. 771, 778 (2016), quoting McGhee, supra.

The defendant has not met his burden.  In addition to the
prosecutor's report that a juror "might have dozed off," the
judge personally observed the juror and was satisfied that the
juror was not inattentive for long.  See Commonwealth v.
Morales, 453 Mass. 40, 47 (2009) (judge entitled to rely on
personal observations of jury regarding question of
attentiveness).  The judge discussed her observations with the
attorneys, and defense counsel agreed with the judge's
assessment by twice responding "yeah" to the judge's comments
about juror 3 having briefly closed his eyes and why that might

3

be so, and by making no objection or requests for a voir dire. See Alleyne, 474 Mass. at 778.

Indeed, the record does not reflect that the juror was inattentive for any substantial length of time, as the judge noted that he "did close his eyes . . . but it wasn't very long." Contrast McGhee, 470 Mass. at 645 (report of juror snoring loudly during testimony of two victims required further inquiry); Commonwealth v. Braun, 74 Mass. App. Ct. 904, 905 (2009) (inquiry warranted where juror slept through all or portion of testimony of two witnesses and judge's instructions). Nor does the record support the defendant's contention that juror 3 was indeed "sleeping," where at most he was observed to have briefly "dozed off." See Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 433-434 (2005) ("Absent from the record is any mention of a juror actually being asleep"). While we acknowledge that the record could have been more robust as to the precise timing of when juror 3's attention may have lapsed,[2] the facts here suggest it was a "fleeting moment" of inattentiveness. See Ralph R., 490 Mass. at 777-778 (no abuse

_____

[2] We note that "the wiser course of action" here would have been for the defendant "to address this issue[] through a motion for a new trial, the result of which would [have] be[en] full findings, based on the judge's observations and any other available evidence, regarding the extent to which the juror was sleeping during the course of the trial." Dancy, 75 Mass. App. Ct. at 182.

4

of discretion where judge did not conduct voir dire of juror with head down and eyes closed who quickly snapped to attention).

The judge was in a superior position to observe and assess the juror's attentiveness, and her decision to not conduct a voir dire on these facts was within her discretion.[3]  We discern no error let alone a substantial risk of a miscarriage of justice.

Judgments affirmed.

By the Court (Blake, C.J.,<br>
Neyman & Grant, JJ.[4]),

Clerk

Entered:   December 30, 2024.

---

[3] On this record, the judge did not abuse her discretion. However, the better practice would be to ensure a more robust record.  This could include asking defense counsel what steps the judge should take, which might reveal whether the defendant had strategic reasons for not inquiring of a juror.  It could also include an inquiry of the juror by the judge as "[t]he judge's decision can best be assessed if the judge makes a record of . . . her findings . . . as to whether the juror in question was indeed asleep or inattentive, and what portion of the evidence the juror may have missed," if any.  McGhee, 470 Mass. at 644.

[4] The panelists are listed in order of seniority.